GUARDIANS OF HISTORIC
NORTH LAKE DRIVE, INC.,

        Plaintiff,

v.                                     Case No.: 24-CV-1366

CITY OF MILWAUKEE, et al.,

        Defendants.

## DEFENDANT, CITY OF MILWAUKEE'S BRIEF
## IN SUPPORT OF MOTION TO DISMISS

The Defendant, City of Milwaukee, through its counsel, Evan C. Goyke, City Attorney, by Alexander R. Carson, Assistant City Attorney, hereby provides this brief in support of its Motion to Dismiss. Documents directly relied upon in the Plaintiff's Amended Complaint as well as on-point public records clearly establish the Plaintiff lacks a basis to maintain its claims against the City. For this reason, in addition to the other arguments presented herein, the Plaintiff's Amended Complaint should be dismissed with prejudice.

### INTRODUCTION

This lawsuit involves the North Lake Drive reconstruction project from East Newberry Boulevard to East Edgewood Avenue (the "Project"), which is jointly being constructed by the City and the State of Wisconsin Department of Transportation ("WisDOT"). Construction commenced on the Project on July 22, 2024. Tapia Aff., ¶ 12. Currently, demolition of the existing street has been completed and the roadway is not open to the public, except for local traffic. Tapia Aff., ¶ 13.

On September 30, 2024, the Plaintiff filed its Amended Complaint in response to the Milwaukee County Circuit Court's order granting the City's Motion for a More Definite Statement. The Amended Complaint maintains, but clarifies and to an extent alters, the same three bases the Plaintiff relied on in the Complaint, those being allegations regarding the public involvement meetings for the Project, effect on the surrounding historic district, and its claim that the Project will obstruct access to North Lake Drive, in violation of Wis. Stat. § 66.1035.

On October 25, 2024, counsel for Defendants jointly filed a Notice of Filing of Removal to Federal Court, as the Plaintiff's Amended Complaint specified that claims were made pursuant to Section 106 of the National Preservation Act of 1966 and also cited public involvement requirements under Wis. Admin. Code Trans. §§ 209.05 and 209.11, which are designed to ensure compliance with the National Environmental Policy Act of 1969.

For the reasons stated herein, despite the Plaintiff's claims being more detailed in its Amended Complaint than its original bare bones, conclusory Complaint, the Plaintiff is still not entitled to the relief sought and the Amended Complaint fails to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6), Fed. R. Civ. P., challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). When considering a motion to dismiss, a court must take all well-pleaded factual allegations of the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed. 2d 59 (1984); *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). Nonetheless, the complaint must set forth the operative facts upon

which the plaintiff bases his or her claim. *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998); *Brokaw v. Mercer County*, 235 F.3d 1000, 1014 (7th Cir. 2000). A plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery." *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985); *see also Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994).

While such review is typically limited to sufficiency within the four corners of the complaint, the 7th Circuit has noted that a motion to dismiss under Rule 12(b)(6) can also be based upon "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2012). Moreover, courts have acknowledged a court may take judicial notice of public records when considering a 12(b)(6) motion. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

## ARGUMENT

None of the allegations raised by the Plaintiff in its Amended Complaint establish a basis upon which relief may be granted by this Court. Accordingly, this lawsuit must be dismissed with prejudice. The Plaintiff made only three allegations in the original Complaint which comprised its claim – a false allegation that public involvement meetings did not occur prior to commencement of the Project (*See* Tapia Aff., ¶ 8; Goode Dec., Exh. D), a claim that the Project will negatively affect the historic district, and a claim that the Project is a violation of Wis. Stat. § 66.1035. The Plaintiff's Amended Complaint predominantly maintains those same allegations. Despite this further clarification, as a matter of law, none of these claims entitles the Plaintiff to the relief sought.

3

**I.     The Defendants held multiple public involvement meetings and adequate notice of all Project aspects was provided.**

In its Amended Complaint, the Plaintiff seeks declaratory relief on the basis that the City and WisDOT failed to comply with state administrative requirements regarding public involvement. Specifically, the Plaintiff claims the public notice was insufficient because the Defendants failed to disclose that the Project would involve construction of precast concrete curbs, bump outs, and tubular posts in the roadway of N. Lake Drive. This notably differs from the Plaintiff's original allegation in which the Plaintiff falsely claimed that the Defendants failed to provide or hold "mandatory public involvement meetings." Doc. 3, p. 4. This claim presents a federal question, as the state administrative code discussed herein was passed, in part, to ensure compliance with the National Environmental Policy Act, 42 U.S.C. § 4321 et seq. (1969).

In support of its public involvement claim, the Plaintiff cites Wis. Admin. Code Trans. §§ 209.05 and 209.11. Section 209.11 provides:

(1)     The department shall seek public review and comment concerning the program.

(2)     Such review shall include an informational presentation of the proposed program of major projects by the department to all transportation related legislative committees at a time mutually agreeable to the department and the committees prior to February 15 of the off numbered years.

(3)     After the enactment of the biennial budget, the department shall make the program document available to interested individuals and organizations and will also inform the general public of this availability. Informational hearings shall be held after the release of the program document at times and locations determined by the secretary and publicized through the local media. These hearings shall serve both to inform the public and to obtain reactions for use in the ongoing program development activities.

(4)     The public review of the program shall be supplemented by public reviews of policy and system planning efforts and of individual projects.

4

Wis. Admin. Code Trans. § 209.11(1-4). The statute defines "program" as "a multi-year schedule of proposed projects." Wis. Admin. Code Trans. § 209.03(11). On its face, section 209.11 addresses WisDOT's obligation to present its multi-year schedule of projects to the state legislature and through this process the public has a right to be informed of the proposed projects and may offer public comment through this legislative action. As this process involves WisDOT's entire schedule of projects, it necessitates that the process is a high level of review. WisDOT complied with the requirements of this section and the Complaint contains insufficient allegations to establish otherwise. However, more importantly, this section is *not* applicable to the "project" specific notice and comment requirements and, therefore, cannot form a basis for the Plaintiff's claim.

Section 209.05 provides in relevant part: "The department shall perform project evaluation and selection as a necessary component of its programming process in the following areas: bridge projects, 3R (resurfacing, recondition and reconstruction) highway projects, interstate projects, and major projects. The objectives of the programming process shall be to: … (f) Inform the public of the department's intentions and provide an opportunity for public review and comment." Wis. Admin. Code Trans. § 209.05(1)(g). "Project" is defined as "a proposed improvement to a segment of a state trunk highway or a bridge." Wis. Admin. Code Trans. § 209.03(13). As North Lake Drive is a state trunk highway, the section appears to be applicable to the Project.

As stated herein, when considering a Rule 12(b)(6) motion, a court may rely on "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2012). Even more importantly,

5

courts have permitted judicial notice of public records on a Rule 12(b)(6) motion when such records are critical to the complaint. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 268 n.1, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) (considering publicly available records related to the public school system on Rule 12(b)(6) motion of plaintiff's equal protection claim)). Here, the public notices provided by the City and WisDOT to both the public and specifically sent to abutting property owners are not only *critical to the complaint*, but are also part of the relevant public record.

The Plaintiff's own filings reveal the City and WisDOT satisfied its burden of duly informing the public of the Project and providing an opportunity for comment. As stated, the Amended Complaint alters the original false claim that public involvement meetings *were not held* and instead claims notice was insufficient because the Defendants did not disclose that the Project would involve construction of precast concrete curbs, bump outs, and tubular posts.

In support of its Brief in Support of Motion for a Temporary Injunction (Doc. 13), the Plaintiff filed the Declaration of Joseph S. Goode, the President of Guardians of Historic North Lake Drive, Inc. (Doc. 14). In addition to conceding that public involvement meetings did occur (*See* Goode Dec., Exh. D), in the Goode Declaration, the Plaintiff repeatedly admits that its claim that the public was not informed of the precast concrete curbs, bump outs, and tubular posts is *false*. Attached as Exhibit E to the Declaration is an example of an "Informational Letter to Residents", dated November 30, 2022, regarding aspects of the Project (Attached hereto as Exhibit A). Therein, the abutting property owner is informed, among other things, that "The southbound bike lane will also be moved curbside and protected by precast concrete curb placed next to the travel lane." Goode Dec., Exh. E, p. 29 (emphasis added).

This informational letter mirrors many other informational letters that were sent out to

6

adjacent property owners in the Project area, sent in compliance with the Section 106 review, which will be discussed in depth in the following section of this brief. The additional letters to property owners, which can be found in Defendant's Exhibit E attached hereto – the Determination of No Adverse Effect – clearly show that property owners were informed that the project would involve a protected bike lane with precast concrete curbs, concrete pedestrian islands, and bump outs. Exh. E, p. 66-74. These letters were similarly sent out in November of 2022, establishing property owners were aware of the structural elements upon which the Plaintiff improperly bases this lawsuit for more than two years. *Id.*

The Goode Declaration similarly cites Exhibit G, which is a detailing of certain proposed improvements for the Project, and discloses that the Project may include curb extensions, i.e. bump-outs. Goode Dec., Exh. G, p. 14 (Attached hereto as Exhibit B). This public informational document, which was distributed prior to one of the several public involvement meetings for the Project, states, "The project team, in coordination with WisDOT, will consider all comments received at the public involvement meeting to develop a final design." *Id.*

In addition to the clear admissions in the Goode Declaration via City public records, the abutting property owners, whom the Plaintiff claims to represent, made it evident at the City's Public Works Committee meeting on May 30, 2024, which was referenced by the City in its Motion for a More Definite Statement, that they had been informed of all aspects of the Project on which the Plaintiff now bases this lawsuit. Recordings of that public hearing constitute a public record. Wis. Stat. § 19.32(2).[1] The property owners specifically mention the protected bike lane, the bump outs, and the reflective traffic bollards. The public was thoroughly informed of the Project plan and had ample opportunity for comment. That the Plaintiff continues to object

---

[1] Video of the City Public Works Committee meeting is publicly available on the City's website at https://milwaukee.granicus.com/player/clip/4081?view_id=2&meta_id=3400264&redirect=true.

to the Project plan as now being carried out is not grounds for relief in this lawsuit.

Public records which have already been filed in the court record clearly show the abutting property owners (which comprise the Plaintiff's membership) have been informed of these aspects of the Project for years, going at least back to November 2022. As such records clearly discount and disprove Plaintiff's claim that the public was not noticed that the Project would include a protected bike lane, curb extensions, and tubular posts, Plaintiff has failed to state a claim upon which relief may be granted and granting the motion to dismiss as to the public involvement arguments is warranted.

**II.    The Defendants fully complied with the procedures required to construct the Project in a historic district and Plaintiff has failed to exhaust its administrative remedies.**

The Plaintiff also claims it is entitled to declaratory relief because the Defendants failed to disclose that the Project would include precast concrete curbs, bump outs, and tubular posts when the Defendants complied with the procedure required under Section 106 of the National Historic Preservation Act of 1966. Pl. Amended Compl.,¶ 16. As with its public involvement claim, the claim regarding the historic district has been clarified from the Plaintiff's original Complaint wherein the Plaintiff simply alleged that the Project would negatively affect the historic district. The City does not deny that the Project is being constructed in a historic district, which is why the Defendants adequately complied with the Section 106 review.

The National Historic Preservation Act, codified in 36 CFR Part 800, requires agencies to take into account the effects of their undertakings on historic properties. The purpose of the Section 106 review is to identify historic properties potentially affected by the undertaking, assess its effects and seek ways to avoid, minimize or mitigate any adverse effects on historic properties. 36 CFR § 800.1(a).

8

As stated in the City's Brief in Opposition to a Temporary Injunction (Doc. 19) and acknowledged in the Amended Complaint (Doc. 29, ¶ 15), when a road construction project will be undertaken in a historic district, WisDOT is required to complete a Section 106 review to consider the effect of the project on nearby historic properties and historic districts, in compliance with the National Historic Preservation Act of 1966. *See* 36 CFR § 800.3. In response to that review, if a project will have an effect on the historic properties, WisDOT alters the project plan in order to mitigate any effect on said properties. Alternatively, it can issue a "Determination of No Adverse Effect" ("DNAE) which is then submitted for review by the State Historic Preservation Office ("SHPO"). *See* 36 CFR §§ 800.4(d), 800.5(d)(1). SHPO can similarly issue a concurrence with that DNAE or propose mitigation efforts if it disagrees and determines that the historic district or properties will be affected.

Again, when considering a Rule 12(b)(6) motion, a court may rely on "documents that are critical to the complaint and referred to in it…" *Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n.1 (7th Cir. 2012). The DNAE is explicitly referred to and relied upon in the Plaintiff's Amended Complaint. (Doc. 29, ¶ 16-17). Therefore, it is appropriate for the Court to consider the actual documents on a motion to dismiss, without converting to summary judgment.

Here, WisDOT issued a DNAE for the Project and SHPO concurred with that finding, concluding that the Project would *not* negatively affect the historic district and that no mitigation measures were required. The Section 106 review, DNAE, and SHPO concurrence were filed in their entirety alongside the City's brief in opposition to the temporary injunction. *See* Tapia Aff., ¶¶ 24-26, Exhs. C, D, E (Attached hereto as Exhibits C, D, and E).

As stated, the Plaintiff's clarified claim regarding the historic district is that the DNAE "failed to disclose the City's and WisDOT's intention to construct precast concrete curbs, bump

outs and tubular posts…" Pl. Amended Compl., ¶ 16. Even a cursory review of the DNAE shows that this claim is again, blatantly *false*. Section 1 of the DNAE, the description of the undertaking, provides that, "Curb bump-outs will be constructed at some intersections… Bicycle lanes will be parking lane protected on the east side and precast concrete curb protected on the west side of North Lake Drive." Exh. E., p. 3 (emphasis added). Attachment 4 to the DNAE, regarding Historical Society Correspondence, also reveals that the bicycle lane precast curbs, the bump outs, and tubular posts were explicitly disclosed as part of the Section 106 review. *Id*., p. 55-57.

Having been thoroughly informed of all Project aspects, SHPO concurred with WisDOT's determination that the Project would have no adverse effect on the historic properties or district because all Project work would take place within the existing right-of-way with no anticipated right-of-way acquisition. *Id.*, p. 20; Exh. D.

As with the claim regarding public involvement, the Plaintiff's claim that the DNAE failed to consider the proposed pedestrian and bicyclist safety improvements is not credible and is contrary to documentation directly relied upon in Plaintiff's Amended Complaint. Accordingly, dismissal of this claim is appropriate.

Not only is the Plaintiff's assertion false based on documentation referred to in and crucial to its allegations, but the Plaintiff has also failed to exhaust its administrative remedies required under the National Historic Preservation Act in order to be able to bring a lawsuit on this basis.

The National Historic Preservation Act both encourages and requires public notice and opportunity for comment. The code provides, "The agency official must, except where appropriate to protect confidentiality concerns of affected parties, provide the public with

10

information about an undertaking and its effects on historic properties and seek comment and input." 36 CFR 800.2(d)(2). The City and WisDOT satisfied these requirements by sending out notices to all applicable property owners in the Project area and similarly sending notices inviting owners to comment at public involvement meetings. Exh. E, p. 88-99.

When determining if an adverse effect exists on a historic property or district, the agency is required to consider views presented by the public. *See* 36 CFR § 800.5(a). If after conducting its review, including considering any public comment, and the agency determines there is no adverse effect and SHPO either does not respond within 30 days or issues a concurrence, then the agency may carry out the proposed undertaking and its obligations under the Section 106 review are satisfied. *See* 36 CFR § 800.5(c)(1).

Critically, what this means is the time for public involvement and comment is <u>during the Section 106 review</u>. The public received its opportunity to comment on how the Project may affect the historic district after public notices were sent out and public involvement meetings on the Project were held. Following that public involvement, WisDOT issued the DNAE and SHPO issued its concurrence. Once that process concluded, the time for public comment and involvement ended and WisDOT, and the City, were entitled to carry out the undertaking, i.e. the Project. Consequently, this means the Plaintiff has failed to exhaust its administrative remedies by failing to object to the Project, or explain how it believed the Project would affect the historic district and properties, during the Section 106 review. Accordingly, the Plaintiff is barred from asserting this claim seeking declaratory or other relief in this lawsuit.

Therefore, both because the Plaintiff's claim regarding the historic district is false based on the actual DNAE, which was directly relied upon in the Amended Complaint, and because it failed to exhaust its administrative remedies in the Section 106 review, the Plaintiff fails to state

a claim upon which relief can be granted under this allegation and accordingly, it must be dismissed with prejudice.

### III.     The Plaintiff has failed to state a claim under Wis. Stat. § 66.1035.

The Plaintiff's final allegation in the Amended Complaint is that the Plaintiff (and abutting property owners) are entitled to both declaratory relief and just compensation because the Project will be in violation of Wis. Stat. § 66.1035. This allegation, while undoubtedly lacking sufficiency or clarity in the original Complaint, was initially fleshed out in the Plaintiff's Motion for a Temporary Injunction, which was denied by the Circuit Court. In the Motion and now the Amended Complaint, the Plaintiff clarified that it is arguing proposed above-grade improvements, namely the raised protected bicycle lane, pedestrian islands, and bump outs, will obstruct the free and unobstructed use of North Lake Drive for abutting property owners.

If the Court determines dismissal of the public involvement meeting and historic district allegations is appropriate, the Court should dismiss this state law claim for lack of supplemental jurisdiction. District courts "may exercise supplemental jurisdiction over state law claims that share 'a common nucleus of operative facts' with a federal claim properly before the court." *Olson v. Bemis Co., Inc. et al.,* 800 F.3d 296, 302 (7th Cir. 2015) (quoting *Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015)). If the claims bearing federal question jurisdiction – the public involvement allegations and historic district allegations – are dismissed based on the arguments presented herein, there are no remaining federal claims with which the Wis. Stat. § 66.1035 claim shares 'a common nucleus of operative facts,' and therefore, it should be dismissed.

If the Court disagrees that dismissal of either federal question claim is appropriate, dismissal of the state claim is still appropriate for the reasons presented herein. This allegation,

even pled with more specificity, fails to entitle the Plaintiff to relief for two reasons. The first, as the Defendants already identified in their brief in opposition to the temporary injunction, is that on its face, Wis. Stat. §66.1035 *does not* apply to WisDOT. The Plaintiff has yet to, and cannot, identify why it has authority to permanently enjoin the City in this joint endeavor where it clearly lacks legal authority to enjoin WisDOT. The second is that the statute only provides relief if the City *materially interferes* with the usefulness of the highway. It is clear based on the facts before this Court that the Project will not materially interfere with the abutting property owners' access to North Lake Drive.

> **a.    Wis. Stat. § 66.1035 does not apply to WisDOT and since the City is a contractor of WisDOT under the State Municipal Agreement, the Plaintiff has no authority under the statute to enjoin the City.**

On its face Wis. Stat. § 66.1035 does not apply to the State of Wisconsin, i.e. WisDOT. The statute provides, in relevant part, "No town, village, city, county, company, or corporation shall close up, use, or obstruct any part of the highway, street, or alley so as to materially interfere with its usefulness as a highway…" Wis. Stat. § 66.1035. While the statute applies to the City, it is clear the statute does not apply to WisDOT.

At a minimum, this claim must be dismissed as to WisDOT as there is no ambiguity the Plaintiff is unable to maintain its claim against this Defendant. However, the Plaintiff is equally unable to maintain this claim against the City because the City is acting as WisDOT's contractor under the State Municipal Agreement, pursuant to statute, between the parties.

In opposition to the temporary injunction, the City filed with the Court the State Municipal Financial Agreement for a State-Let Highway Project between the City and WisDOT regarding the Project. *See* Tapia Aff. ¶ 6, Exh. A (Attached hereto as <u>Exhibit F</u>). The authority for the City and WisDOT to enter into such an agreement is found in Wis. Stat. § 86.25. The

primary purpose of the agreement is to delineate the cost share of the Project between the City and WisDOT. Specifically, the agreement denotes the Project components that are ineligible for federal or state financing and are therefore the sole financial responsibility of the City. *Id.*, p. 4-5. While the City is financially responsible for the portions of the Project the Plaintiff is objecting to – i.e. the protected bike lane, bump outs, and bollards – the agreement is explicit that all work will be administered by the State. The agreement provides, "The work will be administered by the State and may include items not eligible for federal/state participation." *Id.*, p. 5. Accordingly, even though the pedestrian and bicyclist safety elements are the financial responsibility of the City, the agreement makes it clear WisDOT is still responsible for administering those aspects.

Accordingly, since the statute explicitly does not apply to WisDOT and WisDOT will be administering *all* portions of the Project, including even the portions for which the City is solely financially responsible, the Plaintiff has no basis to seek declaratory or compensatory relief under the statute against either Defendant. Therefore, the Plaintiff fails to state a claim under Wis. Stat. § 66.1035 and dismissal with prejudice is appropriate.

> **b.    The Project will not *materially interfere* with the usefulness of the highway.**

Even if the Court concludes the Plaintiff may maintain its Wis. Stat. § 66.1035 claim against the City alone, the Plaintiff is still not entitled to relief as a matter of law because it cannot establish that the Project will materially interfere with the usefulness of North Lake Drive.

This defense presents a mixed question of fact and law; however, a complaint must plead "more than an unadorned, the-defendant-unlawfully-harmed-me [or will harm me] accusation." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). A complaint does not suffice if it "tenders naked assertions devoid of further factual enhancement." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)). Therefore, courts may reject "sheer speculation, bald assertions, and unsupported conclusory statements." *Id.*

The Amended Complaint alleges that the pedestrian and bicyclist safety elements will materially interfere with the usefulness of North Lake Drive as a highway and therefore, the Plaintiff is entitled to both declaratory relief and just compensation for this taking. The Plaintiff argues that these elements will "damage the abutting property owners by obstructing views" and "will impact the ability of vehicles to access properties on N. Lake Drive…" Pl. Amended Compl., ¶ 46.

In order to be entitled to relief under Wis. Stat. § 66.1035, the Plaintiff must establish that the Project will *materially interfere* with the usefulness of N. Lake Drive as a highway or that abutting owner's property will be damaged by the City's actions. The right attributed to an abutting landowner is the right of reasonable access. *Geyso v. Daly*, 2005 WI App 18, ¶ 12, 278 Wis. 2d 475, 484, 691 N.W.2d 915, 919. Therefore, the City is only in violation of Wis. Stat. § 66.1035, and the Plaintiff or abutting property owner entitled to just compensation, if this right of reasonable access is removed (or property damaged).

The Plaintiff's claim that the bicyclist and pedestrian safety elements will obstruct access is both sheer speculation and a bald assertion. Such elements have already been installed all over the City and do not hinder property owner's reasonable access. That the Plaintiff or its members find the elements visually unappealing does not give rise to a claim that the City has materially interfered with the usefulness of North Lake Drive as a highway.

15

In support of its brief in opposition to the temporary injunction, the City filed relevant portions of the current Project plans regarding the planned gaps in the protected bicycle lane in order to afford access to the abutting properties. Tapia Aff., ¶ 17, Exh. B. The plans require that no less than a 12-foot gap exist between the end of the flexible tubular marker post on the raised bicycle lane divider and the edge of the full-width portion of an abutting property's driveway. *Id.*, ¶ 18. Based on those specifications, the City's Major Projects Manager, David Tapia, provided the example that a property with a 11-foot wide driveway would have a 37-foot wide opening in the bicycle curb. *Id.*, ¶ 18. No reasonable person could find that by leaving a 37-foot wide opening a property owner's reasonable access is being removed. The claim that with such access the usefulness of North Lake Drive as a highway is being materially interfered with is simply ridiculous. The Plaintiff relies on pure speculation that such access will nevertheless interfere with the usefulness of North Lake Drive as a highway. Therefore, the Court may rule on the issue as a matter of law and conclude the actions of the City are not affecting the Plaintiff's right of reasonable access under Wis. Stat. § 66.1035 and dismiss this claim with prejudice.

Finally, in conjunction with but also independently from its claim for compensation regarding access, the Plaintiff makes a claim for just compensation for *damages* under Wis. Stat. § 66.1035. However, it is truly a testament to the absurdity of this lawsuit as a whole that the Plaintiff is demanding just compensation for "obstructing views" under the statute. Pl. Amended Compl., ¶ 46. The statute provides absolutely no basis for that claim. The statute provides, in relevant part, "No town, village, city, county, company or corporation shall close up, use, or obstruct any part of the highway, street, or alley so as to materially interfere with its usefulness as a highway or <u>so as to damage abutting property</u>, or permit the same to be done, <u>without just compensation being made for any resulting damage</u>." Wis. Stat. § 66.1035 (emphasis added).

16

The statute considers compensation for removed access, as discussed by the court in *North Mayfair 1 LLC v. Wisconsin Department of Transportation*, 2018 WI App 21, 380 Wis. 2d 510, 913 N.W.2d 515[2], or for <u>actual</u> damage to abutting property. To find the statute requires obstructed views, to the extent protective bollards could actually obstruct one's view, to be justly compensated by the City is an absurd result and interpretation. Accordingly, there is absolutely no basis for the claim that the Plaintiff is entitled to just compensation for damage to abutting property, as the Plaintiff has failed to plead there are or will be actual damages beyond the obstructed views.

Therefore, because Wis. Stat. § 66.1035 explicitly does not apply to WisDOT, and therefore, also the City, under the State Municipal Agreement, and because it is clear abutting property owner's reasonable access is not being obstructed nor their properties damaged, the Plaintiff has failed to state a claim under Wis. Stat. § 66.1035. Accordingly, dismissal with prejudice is appropriate.

## CONCLUSION

As provided herein, none of the Plaintiff's claims as presented in the Amended Complaint state claims upon which relief can be granted. Therefore, this matter is ripe for a motion to dismiss and dismissal of the Plaintiff's claims with prejudice is both appropriate and required. Therefore, the City respectfully asks this Court to grant this Motion to Dismiss and dispose of this matter in its entirety with prejudice.

---

[2] Pursuant to Wis. Stat. § 802.23(3), unpublished opinions issued after July 1, 2009 may be cited as persuasive authority.

Dated and signed at Milwaukee, Wisconsin this 24 day of January, 2025.

EVAN C. GOYKE
City Attorney

*s/Alexander R. Carson*
ALEXANDER R. CARSON
Assistant City Attorney
State Bar No. 1098157
*Attorneys for Defendant City of Milwaukee*

**ADDRESS:**
200 E. Wells Street
CH 800
Milwaukee, WI 53202
(414) 286-2601 – Telephone
(414) 286-8550 – Facsimile
Email: acarso@milwaukee.gov

1047-2024-1165.001:294642

**EXHIBIT A**



### City of Milwaukee

**Department of Public Works**
Infrastructure Services Division

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

November 30, 2022

Re: Informational Letter to Residents
Project I.D. 2225-15-00
North Lake Drive (WIS 32) from East Newberry Boulevard to East Edgewood Avenue

Dear Property Owner,

The Wisconsin Department of Transportation (WisDOT) and the City of Milwaukee Department of Public Works (DPW) would like to inform you of decisions made for the proposed pavement replacement project for North Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee. These decisions have been guided by public input received at public involvement meetings and comments received.

At the request of public comment, an on-street parking study was completed along North Lake Drive and side streets within project limits. The parking study found that parking along North Lake Drive within the project limits is relatively low regardless of whether school is in session or not at UWM. The study indicates that the average use of available parking spaces is less than 50%. Therefore, the decision has been made to remove parking on the west side of North Lake Drive throughout the project limits. The study suggests there is sufficient on-street parking available on the east side of North Lake Drive and surrounding side streets.

With the preferred alternative, the pavement and curb and gutter will be replaced at the same location. Sidewalks and driveway approaches will remain and replaced as necessary due to poor condition and/or grade differential. The proposed roadway will have one travel lane in each direction and parking allowed on the east side of the street. The additional roadway width gained by eliminating parking on one side will be reallocated to improve the on-street bike lanes. The northbound bike lane will be moved curbside and protected by the parking lane. The southbound bike lane will also be moved curbside and protected by precast concrete curb placed next to the travel lane. This design maximizes the existing roadway width and improves bicycle comfort and safety. Also, all street lighting facilities including underground cables, poles and lighting fixtures will be replaced in kind and at the same locations.

This pavement replacement project is tentatively scheduled for construction in 2024.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov. Visit Milwaukee.gov/dpw/lakedrive for more information including typical section drawings, or to sign up to receive updates.

Sincerely,

Kevin J. Muhs, PE, AICP
City Engineer

DT:trt

c: Ms. Christine Hanna, P.E. - Wisconsin Department of Transportation, SE Region



841 North Broadway, Room 701 ● Milwaukee, Wisconsin 53202-3613
Voice (414) 286-2400 ● Fax (414) 286-5994 ● TDD (414) 286-2025 ● www.city.milwaukee.gov/mpw

Case 2:24-cv-01366-JPS      Filed 01/24/25      Page 19 of 110      Document 14

**EXHIBIT B**

## *WELCOME*

**Public Involvement Meeting #2**

Welcome to the public involvement meeting for the Lake Drive reconstruction project. The City of Milwaukee and the Wisconsin Department of Transportation (WisDOT) are in the process of designing an improvement project on North Lake Drive, from E. Newberry Boulevard to E. Edgewood Avenue. We invite you to view the exhibits, talk with the City of Milwaukee and WisDOT staff, ask questions, and provide comments.

The purpose of today's meeting is to:
- Update attendees on the project status since Public Involvement Meeting #1 (July 15, 2020)
- Present current design alternatives and proposed improvements
- Obtain comments, concerns, or suggestions
- Answer questions regarding the project

**Current Road Conditions**

 Bike Accommodations: Yes

 Bus Route: No

 Average Daily Traffic Count:
6,100 for E Newberry to E Kenwood Blvd
19,000 for E Kenwood Blvd to E Edgewood Ave

 Posted Speed: 30mph

Right of Way: 100'
Existing Roadway Width Between:
- E. Newberry Blvd to E. Kenwood Blvd: 44 ft
- E. Kenwood Blvd to E. Hampshire St: 62 ft
- E. Hampshire St to E. Edgewood Ave: 46 ft



**LAKE DRIVE**

## *PROJECT NEED & FUNDING*

**Project Need**

North Lake Drive from Newberry Boulevard to Edgewood Avenue was originally built between 1908 and 1916. The existing concrete paving layer from Kenwood Boulevard to Hampshire Street was constructed in 1969, and the existing concrete paving layer from Hampshire Street to Edgewood Avenue was constructed in 1952. The street was resurfaced with asphaltic concrete in multiple phases between 1983 and 2008 to improve the pavement condition. However, the street showed signs of deterioration in various locations due to the degraded substructure of the pavement. The underlying concrete base on Lake Drive continues to deteriorate and has deteriorating joints, severe reflective cracking, and failed patches along the entire length of the project. Continuing to maintain through rehabilitation (asphaltic overlays) is no longer cost-effective.



**DETERIORATED PAVEMENT**

**Project Funding**

Project funding sources are Federal/State and Municipal (City of Milwaukee). The approximate funding breakdown for the preliminary engineering and construction activities are as follows:

Preliminary Engineering: 75% Federal/State and 25% Municipal

Construction: Pavement related items are currently estimated to be 78% Federal/State and 22% Municipal due to the inclusion of parking lanes in this project. Funding of parking lanes is 100% Municipal, calculated as a percentage of parking area compared to the total pavement area. The construction funding breakdown will be revised based on the final design.

DocuSign Envelope ID: 5B88E3C1-717A-4EAF-B5E8-25A2ADE5D037

 **EXHIBIT C**



# SECTION 106 REVIEW ARCHAEOLOGICAL/HISTORICAL INFORMATION
Wisconsin Department of Transportation
DT1635    8/2022

22–1998

For instructions, see **FDM Chapter 26**.                    WHS Case #

## I.  PROJECT INFORMATION                    ☐ Amended Submittal *(include new information only)*

| Project ID 2225-15-00 | Highway – Street N. Lake Dr. (STH 32) | County Milwaukee |
|---|---|---|

| Project Termini E. Newberry Blvd. to E. Edgewood Ave. | Region – Office SE |
|---|---|

| Regional Project Engineer – Project Manager Christine Hanna, SE Region Project Manager | (Area Code) Telephone Number (414) 750-1555 |
|---|---|
| Consultant Project Engineer – Project Manager Samuel Medhin, City of Milwuakee | (Area Code) Telephone Number (414) 286-0474 |
| Archaeological Consultant University of Wisconsin-Milwaukee Cultural Resource Management | (Area Code) Telephone Number (414) 229-3078 |
| Architecture/History Consultant University of Wisconsin-Milwaukee Cultural Resource Management | (Area Code) Telephone Number (414) 229-3078 |

## II.  PROJECT DESCRIPTION

| Project Length 0.866 miles | Land to be Acquired: Fee Simple 0.000 acres | Land to be Acquired: Easement 0.000 acres |
|---|---|---|

| Distance as measured from existing centerline | Existing | Proposed | Other Factors | Existing | Proposed |
|---|---|---|---|---|---|
| Right of Way Width | 100.0' | 100.0' | Terrace Width Changes not in scope. Terrace width measured from Back of Curb Line to Right of Way line. Distance maximums provided. | 26.4' | 26.4' |
| Shoulder N/A | | | Sidewalk Width Changes not in scope | 6.0' | 6.0' |
| Slope Intercept Distances provided north/south of center line | 49.5' | 49.5' | Number of Lanes Changes not in scope | 2 | 2 |
| Edge of Pavement Existing/Proposed curb faces distances maximums. | 23.0' | 23.0' | Grade Separated Crossing N/A | | |
| Back of Curb Line Distance maximums provided | 23.6' | 23.6' | Vision Triangle                    acres | N/A | N/A |
| Realignment | N/A | N/A | Temporary Bypass 0.000 acres | | |
| Other – List: | | | Stream Channel Change | ☐ Yes | ☒ No |
| Attach Map(s) that Depict "Maximum" Impacts. | ☐ Yes | ☒ No | Tree Topping and/or Grubbing | ☐ Yes | ☒ No |

**Brief Narrative Project Description:** Include all ground disturbing activities. For archaeology, include plan view map indicating the maximum area of ground disturbance and/or new right of way, whichever is greater. Include all temporary, limited and permanent easements. For amendments (e.g. design refinements, scope changes, etc) description should only include new/added project actions and materials.

This project consists of pavement replacement of the existing roadway which includes removal of all paving layers from existing roadway and can include replacement or improvements to the roadway base and subgrade. Removal of all paving layers includes removal of concrete curb and gutter and street lighting equipment along with non-ADA compliant existing pedestrian curb ramps and associated sidewalk sections that create non-ADA compliant sidewalk. Project installs replacement pavement with replacement concrete curb and gutter to same line and grade. Replacement roadway may include reduced distances as measured from existing centerline to back of curb where curb extensions are provided at urban intersections. Additional work may include replacement, or addition, of drainage structures where necessary and replacement of street lighting that is affected by the roadway reconstruction inclusion of changes to the roadway base.

☐ Add continuation sheet, if needed.

DocuSign Envelope ID: 5B88E3C1-717A-4EAF-B5E8-25A2ADE5D037

## SECTION 106 REVIEW ARCHAEOLOGICAL/HISTORICAL INFORMATION *(continued)*
Wisconsin Department of Transportation      DT1635

**III.  CONSULTATION:** How has notification of the project been provided to:

| ☒ Property Owners | ☒ Historical Societies/Organizations | ☒ Native American Tribes |
|---|---|---|
| ☐ Public Information Meeting Notice | ☐ Public Information Meeting Notice | ☐ Public Info. Mtg. Notice |
| ☒ Letter - Required for Archaeology | ☐ Letter | ☐ Letter |
| ☐ Telephone Call | ☐ Telephone Call | ☐ Telephone Call |
| ☐ Other: Email | ☐ Email | ☐ Email |

*Attach one copy of the base letter, list of addresses and comments received. For history include telephone memos as appropriate.*

**IV.  AREA OF POTENTIAL EFFECTS – APE**

**ARCHAEOLOGY:  Area of potential effect** for archaeology is the existing and proposed ROW, temporary and permanent easements. Agricultural practices do not constitute a ground disturbance exemption.

**HISTORY:** Describe the area of potential effects for buildings/structures. Please work with your architecture/history consultation to complete this section.

Given the project description, its limited potential to impact the project area, and the very large setbacks of many buildings on parcels abutting the east side of the corridor, an APE was established that was limited to 100 feet of the existing right of- way on both sides of N. Lake Drive.

**V.  PHASE I – ARCHAEOLOGICAL OR RECONNAISSANCE HISTORY SURVEY NEEDED**

| ARCHAEOLOGY | HISTORY |
|---|---|
| ☒ Archaeological survey **is needed** | ☒ Architecture/History survey **is needed** |
| ☐ Archaeological survey **is not needed** | ☐ Architecture/History survey **is not needed** |
| ☐ Screening list          (date) | ☐ Screening list          (date) |
| ☐ Non-Survey Archaeology Documentation attached | ☐ Non-Survey History Documentation attached |

**VI.  SURVEY COMPLETED**

| ARCHAEOLOGY | HISTORY |
|---|---|
| ☒ Archaeological Survey Field Report (ASFR) attached | ☒ Architecture/History Survey Report (AHSR) attached |
| ☐ Cemetery/burial documentation attached | ☐ Potentially eligible buildings/structures identified |
| ☐ Phase I Report attached | ☐ Avoided through redesign or outside the APE |
| ☐ No Potentially eligible sites identified | ☐ Determination of Eligibility (DOE) completed |
| ☐ Potentially eligible site(s) identified | ☒ Previously listed/eligible property identified |
| ☐ Avoided through redesign or outside APE | ☐ Avoided through redesign or outside the APE |
| ☐ Phase II conducted | |

**VII.  FORMAL EVALUATION COMPLETED**

| | |
|---|---|
| ☐ Phase II Report Attached | ☐ Determination(s) of Eligibility attached |
| ☐ No arch site(s) eligible for NRHP | ☐ No buildings/structure(s) eligible for NRHP |
| ☐ Arch site(s) eligible for NRHP | ☐ Buildings/structure(s) eligible for NRHP |
| ☐ Site(s) eligible for NRHP – DOE attached | |

**VIII.  COMMITMENTS/SPECIAL PROVISIONS – must be included with special provisions language**

☒ Per Wis. Stat. 157.70 obtain burial authorization from WHS one year prior to construction. Please include archaeology site number(s).

MI-0063 (BMI-0113)

☐ Please attach continuation page if needed.

**IX.  PROJECT DECISION**

☐ No historic properties (historical or archaeological) in the APE.

☐ No historic properties (historical or archaeological) affected.*

☒ Historic properties (historical and/or archaeological) may be affected by project;

☒ Documentation for Determination of No Adverse Effects is included with this form. WisDOT has concluded that this project will have No Adverse Effect on historic properties. Signature by SHPO below indicates SHPO concurrence in the DNAE and concludes the Section 106 Review process for this project.*

☐ Go to Step 4:  Assess affects

* Per 23 CFR 774,  WisDOT, on behalf of FHWA, hereby informs SHPO that concurrence with 'No historic properties affected' or 'No Adverse Effect on historic properties' may be used in considering whether a de minimis Section 4(f) finding or a temporary occupancy exception is appropriate.  SHPO signature on this form serves as concurrence in the de minimis effect finding.

## X. SIGNATURES

X _Tim McElmeel_    11/18/22

(WisDOT Regional Signature)      (Date – m/d/yy)

X _Barry Paye_    22 November 2022

3E13953827A84D7

(WisDOT Historic Preservation Officer Signature)      (Date – m/d/yy)

X _Kimberly Cox_    15 December 2022

2F3FB9178D084A4...

(State Preservation Officer Signature)      (Date – m/d/yy)

# Determination of No Adverse Effect
# WisDOT Project ID 2225-15-00
# WHS# 22-1998 MI

### State Trunk Highway (STH) 32
### E. Newberry Boulevard to E. Edgewood Avenue
### Milwaukee County

The Wisconsin Department of Transportation (WisDOT) proposes a pavement replacement along North Lake Drive/State Trunk Highway (STH) 32. Eight (8) historic resources were identified in the initial Section 106 coordination, which SHPO concurred with "No Adverse Effect" on December 15, 2022.

- Kenwood Park-Prospect Hill Historic District
- Lake Park
- Newberry Boulevard Historic District
- Joseph Uihlein Carriage House
- South Lakeshore Historic District
- Irving Stanley Stone House
- Samuel Field House
- Henry M. Thompson House

The project team reviewed the proposed project narrative and plans and determined the proposed streetlight replacement was not in the original submittal.  Please see the attached memo that outlines the updates to the street lighting.  WisDOT still believes there is No Adverse Effect to the historic resources along the corridor based on this update.

In accordance with 23 USC 138 (b), WisDOT on behalf of FHWA, hereby informs SHPO that the Determination of No Adverse Effect (DNAE) may be used in considering whether a de minimis Section 4(f) finding is appropriate and SHPO concurrence with the DNAE serves as acknowledgement of this official notification.

_____          12/16/2022
Katie Kaliszewski                                        Date

Environmental Analysis & Review Specialist

We concur with your current finding of "no adverse effect" for this project

_____          09 January 2023
Kimberly Cook                                            Date

SHPO

**DETERMINATION OF NO ADVERSE EFFECT**
WisDOT Project: 2225-15-00
SHSW:
N. Lake Drive
E. Newberry Blvd. to E. Edgewood Ave.
City of Milwaukee
Milwaukee County, WI

# Contents

1.  **Description of the Undertaking** ..................................................................................................... **3**

2.  **Description of Steps Taken to Identify Historic Properties** ............................................... **3**
    A.  Architectural/Historic Resources ........................................................................................... 3
        1.  Previously Recorded Properties ....................................................................................... 3
        2.  Architecture/History Field Survey ................................................................................. 4
    B.  Archaeological Resources ......................................................................................................... 4

3.  **Description of the Affected Historic Properties** .................................................................... **5**
    A.  Kenwood Park-Prospect Hill Historic District ...................................................................... 5
    B.  Lake Park ........................................................................................................................................ 6
    C.  Newberry Boulevard Historic District .................................................................................... 6
    D.  Joseph Uihlein Carriage House .................................................................................................. 7
    E.  South Lakeshore Historic District ............................................................................................ 7

4.  **Description of the Undertaking's Effects on Historic Properties** ..................................... **8**
    A.  Kenwood Park-Prospect Hill Historic District ...................................................................... 8
    B.  Lake Park ........................................................................................................................................ 9
    C.  Newberry Boulevard Historic District .................................................................................... 9
    D.  Joseph Uihlein Carriage House ................................................................................................ 10
    E.  South Lakeshore Historic District .......................................................................................... 10

5.  **An Explanation of Why the Criteria of Adverse Effect Were Found Inapplicable** ...................... **11**
    A.  Kenwood Park-Prospect Hill Historic District .................................................................... 11
    B.  Lake Park ...................................................................................................................................... 12
    C.  Newberry Boulevard Historic District .................................................................................. 13
    D.  Joseph Uihlein Carriage House ................................................................................................ 15
    E.  South Lakeshore Historic District .......................................................................................... 16

6.  **Copies or Summaries of Any Views Provided by Consulting Parties and the Public** ................ **17**

7.  **Application of 4(f) Finding** ........................................................................................................... **19**

## List of Attachments

**Attachment 1:** Project Location Map/Historic Districts and Surveyed Properties Map ............................ 21
**Attachment 2:** Property Photographs and Historic Boundary Maps ............................................. 24
**Attachment 3:** Adjacent Project Activity Plans and Renderings ...................................................... 37
**Attachment 4:** Historical Society/Property Owner Correspondence ........................................... 53
**Attachment 5:** PIM Documentation ........................................................................................................ 75

WisDOT Project ID: 2225-15-00
SHSW#
N. Lake Drive
E. Newberry Boulevard to E. Edgewood Avenue
City of Milwaukee
Milwaukee County, WI

**DOCUMENTATION FOR DETERMINATION OF
NO ADVERSE EFFECT**

## 1. Description of the Undertaking

The reconstruction project is located along N. Lake Drive between E. Newberry Boulevard and E. Edgewood Avenue (a length of approximately 0.9 mile) in the City of Milwaukee, Milwaukee County, Wisconsin. See Attachment 1-A for project location map.

The proposed project will consist of pavement replacement within the existing roadway footprint, the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections, and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive). Curb bump-outs will be constructed at some intersections. The curb-to-curb roadway width will remain as is and sidewalk and terrace width will not change. Bicycle lanes will be parking lane protected on the east side and precast concrete curb protected on the west side of North Lake Drive. No tree removal is anticipated. All work will take place within the existing right-of-way with no anticipated right-of-way acquisition. No impacts to fences, masonry walls, or gates along property lines abutting the project area are anticipated.

Given the project description, its limited potential to impact the project area, and the very large setbacks of many buildings on the east side (lake side) of the corridor, an APE was established that included all built resources within 100 feet of the existing right-of-way. All resources that were at least 40 years old and possessed a degree of historic integrity were examined for potential historical significance.

## 2. Description of Steps Taken to Identify Historic Properties

### A. Architectural/Historic Resources

#### 1. Previously Recorded Properties

An archival and literature search of the Wisconsin Historic Preservation Database (WHPD) and the National Register of Historic Places (NRHP) was conducted to identify previously recorded historic resources within the APE. Fifty-six (56) properties were recorded in WHPD. Fifty (50) properties were NRHP listed, each of which is an element of one of three separate historic districts:

- **Kenwood Park-Prospect Hill Historic District**

- **Lake Park**
- **Newberry Boulevard Historic District**

In addition to the NRHP listed properties, two properties had been determined eligible for NRHP listing:

- **Joseph Uihlein Carriage House – 3312-3322 N. Lake Drive**
- **South Lakeshore Historic District**

## 2. Architecture/History Field Survey

An architecture/history reconnaissance survey was conducted in September of 2020 with a follow-up survey conducted in September of 2022. All built resources within the APE were reviewed for any apparent architectural and/or historical significance that warranted survey. With the exception of NRHP-listed properties, all extant previously-surveyed properties were resurveyed (5). Six (6) additional historic properties were identified during the survey for a total of eleven (11) surveyed properties.

Three (3) properties were considered potentially eligible for NRHP listing:

- **Irving Stanley Stone House – 3474 N. Lake Drive**
- **Samuel Field House – 3432 N. Lake Drive**
- **Henry M. Thompson gatehouse – 3288 N. Lake Drive**

DOEs were not prepared for the three potentially eligible properties due to the minimal nature of adjacent project activities; because the proposed project activities are considered to have no potential to affect these resources, the properties are not discussed further in this report.

This DNAE is being submitted concurrently with the Section 106 documentation; signed Section 106 and DOE cover pages are not yet available.

See Attachment 1-B for overview map showing historic district and surveyed property locations relative to the project area.

## B. Archaeological Resources

### 1. Previously Recorded Archaeological and Burial Sites

An archival and literature search of WHPD was conducted to identify previously recorded archaeological and burial sites within a one mile radius of the project area. Twelve (12) previously recorded sites were identified within one mile of the project area. One (1) previously-recorded site was identified within the project area: Lake Park Mound Group (47MI-0063/BMI-0113).

### 2. Archaeological Field Survey

In October 2020, a Phase I archaeological survey of the corridor was completed utilizing a combination of shovel testing and visual inspection. The project corridor was heavily disturbed as a result of roadway construction, utilities, and urban

development. The portion of the project adjacent to the previously recorded Lake Park Mound Group was found to be previously disturbed by grading and road construction. No isolated finds or significant cultural material was observed.

3.     **Description of the Affected Historic Properties**

A.  **Kenwood Park-Prospect Hill Historic District**

The Kenwood Park-Prospect Hill Historic District was listed in the National Register of Historic Places in 2002 under *Criterion C: Architecture* as a locally significant and architecturally important collection of residential buildings that individually are of great architectural merit and collectively constitute a well-defined and visually distinct geographic and historic entity. The district contains 552 resources (544 contributing and 8 noncontributing) representing the Queen Anne, Colonial Revival, Prairie School, Arts & Crafts, American Craftsman, American Foursquare, Bungalow, and Period Revival styles. The property's period of significance is 1894-1954, the earliest and latest construction dates of contributing buildings. The Kenwood Park-Prospect Hill Historic District is generally bounded by N. Hackett Avenue to the west, E. Edgewood Avenue to the north, N. Lake Drive to the east, and Newberry Boulevard to the south. The district's NRHP nomination further defines the eastern historic boundary line as coinciding with the west curb line of N. Lake Drive.

The district's full boundary description is as follows: The district boundary begins at a point that corresponds to the northeast corner of the lot associated with 3000 E. Newberry Blvd., then continues east to the west curb line of N. Lake Drive. The line then turns 80° and continues in a northerly direction along the west curb line of N. Lake Drive a distance of seven blocks to the point of intersection with the south curb line of E. Edgewood Ave. The line then turns 90° and continues west along said curb line to the northwest corner of the lot associated with 3493 N. Hackett Ave., then turns 90° and continues in a southerly direction along the rear (west) lot lines of all the lots having exposure on the 3400, 3300, 3200, 3100, 3000, 2900, and 2800 blocks N. Hackett Avenue until reaching a point that corresponds to the southwest corner of the lot associated with 2825 N. Hackett Ave. The line then turns 90° and continues east along the south lot line of said lot to the point of intersection with the west curb line of N. Hackett Ave. The line then continues east across said street to a point on the east curb line that corresponds to the southwest corner of the lot associated with 2824 N. Hackett Ave. The line then continues east along the south lot line of said lot and along the south lot line of the adjacent lot associated with 2823 N. Summit Ave. to the point of intersection with the west curb line of N. Summit Ave. The line then continues east across said street to a point on the east curb line that corresponds to the southwest corner of the lot associated with 2824 N. Summit Ave. The line then continues east along the south lot line of said lot and the south lot line of the adjacent lot associated with 2823 N. Shepard Ave. to the point of intersection with the west curb line of N. Shepard Ave. The line then continues east across said street to a point on the east curb line that corresponds to the southwest corner of the lot associated with 2824 N. Shepard Ave. The line then continues east along the south lot line of said lot and along the south lot line of the adjacent lot associated with 2825 N. Marietta Ave. to the point of intersection with the west curb line of N. Marietta Ave. The line then continues east across said street to a point on the east curb line that corresponds to the northwest corner of the lot associated with 3000 E. Newberry Blvd. The line then continues east along the north lot line of said lot to the point of beginning.

See Attachments 2-A and 2-B for district overview photos and historic boundary map.

## B. Lake Park

Lake Park was listed in the National Register of Historic Places in 1993 under *Criterion C: Landscape Architecture* as a locally significant designed historic landscape characteristic of the work of master landscape architect Frederick Law Olmsted and under *Criterion D: Archaeology* for the archaeological potential of its prehistoric burial mound, the last remaining mound in the City of Milwaukee. The district contains 15 resources (11 contributing and 4 noncontributing), including the park grounds, the prehistoric burial mound, 7 historic structures, 2 historic buildings, and 4 noncontributing park buildings. Lake Park's period of significance under *Criterion C* is 1893, the park's initial construction date, to 1936, the year the Works Progress Administration built a number of contributing structures in the park. The park's period of significance under *Criterion D* is 300BC-AD1000, coinciding with the Middle Woodland and Late Woodland cultures with which the burial mound is associated. The Lake Park historic district covers approximately 140 acres and is bounded by the N. Lincoln Memorial Drive on the east, E. North Avenue on the south, E. Kenwood Boulevard on the north, and N. Lake Drive on the west.

The park's NRHP nomination defines its historic boundary as coinciding on the west with the east curb lines of N. Lake Drive and Wahl Avenue, on the north with the park's northern property line, on the east with the eastern curb line of N. Lincoln Memorial Drive beginning at its intersection with the park access drive and extending south to the park's southern property line, and on the south with the park's southern property line extending east from the intersection of E. Bellview Place and Wahl Avenue.

See Attachments 2-C and 2-D for district overview photos and historic boundary map.

## C. Newberry Boulevard Historic District

The Newberry Boulevard Historic District was listed in the National Register of Historic Places in 1994 under *Criterion C: Architecture* as an architecturally distinguished assemblage of late nineteenth and early twentieth century, upper middle-class houses unified by their orientation to a broad, landscaped boulevard and under *Criterion A: Community Planning and Development* as an example of the boulevard planning concept, which had such an important influence on the physical development of the City of Milwaukee. The district contains 102 resources (101 contributing and 1 noncontributing) representing the Colonial Revival, Tudor Revival, Prairie School, Mission/Spanish Colonial Revival, Craftsman, and Late Gothic Revival styles. The district's period of significance is 1896 to 1932, the earliest and latest construction dates of contributing buildings. The Newberry Boulevard Historic District covers 12 city blocks and is generally bounded by rear property lines along the north and south sides of E. Newberry Boulevard between N. Oakland Avenue on the west and N. Lake Drive on the east. The district's NRHP nomination further defines the eastern historic boundary line as coinciding with the west curb line of N. Lake Drive.

The district's full historic boundary description is as follows: Beginning at the intersection of the east curb line of N. Oakland Avenue and the south property line of 1805-15 E. Newberry Boulevard; then east along the rear lot lines of all properties with frontage on E. Newberry Boulevard, including 2761 N. Downer Avenue, to the intersection of the west curb line of N. Lake Drive and the south property lien of 2773 N. Lake Drive; then northeasterly along the west curb line of N. Lake Drive to the north lot line of 3000 E. Newberry Boulevard; then west along the rear lot lines of all properties with frontage on E. Newberry Boulevard, including 2819 N. Downer Avenue, to the east curb line of N. Oakland Avenue; then south along the east curb line of N. Oakland Avenue to the point of beginning.

See Attachments 2-E and 2-F for district photos and historic boundary map.

### D. Joseph Uihlein Carriage House – 3312-3322 N. Lake Drive

The Joseph Uihlein Carriage House was determined eligible for NRHP listing in October 2020 under *Criterion C: Architecture* as a contributing resource to the Joseph Uihlein House, a highly intact and grand example of the Tudor Revival style (the determined eligible recommendation was confirmed by SHPO via email communication on October 14, 2020). The Uihlein property consists of the Tudor Revival mansion (designed by the firm Kirchhoff and Rose and constructed in 1907 with additions in 1914 and 1917) and the similarly styled carriage house with an attached stable block (constructed c.1914). The carriage house is characterized by its red brick walls, side-gabled roof with copper flashing and gutters, and its use of Tudor Revival stylistic elements that mirror those of the main house. An appropriate period of significance for the property is 1907-1917, the period in which the mansion, carriage house, and additions to the mansion were constructed. Although a historic boundary map was not created at the time of SHPO's eligibility recommendation, consultation with SHPO confirmed that an appropriate boundary would coincide with the existing tax parcel, defined along the property's western edge by a red brick wall.

See Attachments 2-G and 2-H for property photos and historic boundary map.

### E. South Lakeshore Historic District

The South Lakeshore Historic district was determined eligible for NRHP listing in September 2022 under *Criterion C: Architecture* as a distinctive and dense collection of early to mid-twentieth century residential architecture with an especially large collection of Tudor Revival and Mediterranean Revival styles. The district contains 213 resources (207 contributing and 6 noncontributing) representing the Tudor Revival, Mediterranean Revival, Colonial Revival, Georgian Revival, Italian Renaissance Revival, Prairie School, Craftsman, American Foursquare, Ranch, and French Provincial styles. The district's period of significance is 1911 to 1959, the earliest and latest construction dates of contributing resources. The South Lakeshore Historic District is generally bounded by E. Capitol Drive on the north, E. Edgewood Avenue on the south, N. Downer Avenue on the west, and Lake Michigan on the east. The district's southern historic boundary line coincides with the southern parcel lines of properties along the north side of E. Edgewood Avenue.

The district's full historic boundary description is as follows: Beginning at the northwest corner lot of 3965 N. Harcourt Place, then north to the south curbline of E. Capitol Drive, thence east along said curbline to the west lot line of 3965 N. Lake Drive, thence south along said lot line to said lot's south line, then east along said lot line and across N. Lake Drive to the east curbline, then north along said curbline to the north property line of 3966 N. Lake Drive to its east property line, thence south along the lakeshore to the southeast corner of 3850 N. Lake Drive, thence west along said property line to a point that corresponds with the rear/east lot line of 3816 N. Lake Drive, thence south along said lot line to its south lot line, thence west along said lot line and across N. Lake Drive to the west curbline of N. Lake Drive, thence south along said curbline to a point that corresponds with the north lot line of 3600 N. Lake Drive, thence easterly along said lot line to the east/rear lot line, thence south along said lot line to the north lot line of 3590 N. Lake Drive, thence east along said lot line to the east/rear lot line (which does not include the empty lot behind it), thence south along said lot line to the north lot line of 3580 N. Lake Drive, thence east along said lot line to the lakeshore, thence south along the lakeshore to the south lot line of 3510 N. Lake Drive, thence west along said lot line to the east curbline of N. Downer Avenue, thence north along said curbline to a point that corresponds with the north lot line of 2600 E. Edgewood Avenue, thence east along said lot line to the west lot line of 3509 N. Hackett Avenue, thence north along the west lot lines of 3509, 3515, 3521, 3529, 3535, 3541 and 3549 N. Hackett Avenue, thence west along the south lot lines of 2609 E. Menlo Boulevard, thence north along said lot line to the south curbline of E. Menlo Boulevard, thence west along said curbline to the east curbline of N. Downer Avenue, thence north along said curbline to a point that corresponds with the north lot line of 2600 E. Shorewood Boulevard, thence east along said lot line to the northeast corner of 2726 E. Shorewood Boulevard, thence north along the west lot lines of 3915 and 3921 N. Lake Drive, thence west along the south lot lines of 3937 N. Lake Drive, 3934 and 3935 N. Harcourt Place, thence north along the west line of 3935 N. Harcourt Place and continuing north to the point of beginning.

See Attachments 2-I and 2-J for district photos and historic boundary map.

4.      **Description of the Undertaking's Effects on Historic Properties**

A. **Kenwood Park-Prospect Hill Historic District**

The Kenwood Park-Prospect Hill Historic District is located between E. Edgewood Avenue on the north and E. Newberry Boulevard on the south with N. Lake Drive and N. Hackett Avenue serving as the eastern and western boundaries, respectively. The district's eastern historic boundary line abuts the proposed project corridor.

Adjacent to the Kenwood Park-Prospect Hill Historic District, the following project activities are proposed:

- The roadway and curb & gutter will be replaced and the roadway width will remain as is
- Sidewalk will be replaced in-kind as needed with no change to terrace width
- Parking will be removed from the west side of the street

- Marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side
- Concrete islands at the East Hampshire Street intersection will be slightly realigned; the concrete median between East Kenwood Boulevard and East Hampshire Street will be reconstructed slightly to the east to accommodate turn lanes
- Curbs will be realigned at all corners of the East Kenwood Boulevard intersection
- Curb bump-outs will be constructed at East Hartford Avenue, East Newport Court, and East Newport Avenue
- No trees will be removed and no right-of-way acquisition is anticipated
- A small concrete pedestrian island will be constructed at the East Edgewood Avenue crosswalk

See Attachments 3-A and 3-B for proposed project plans and renderings.

**B. Lake Park**

Lake Park is located on the east side of N. Lake Drive south of N. Lincoln Memorial Drive ; the district's western historic boundary line abuts the proposed project corridor.

Adjacent to Lake Park, the following project activities are proposed:

- The roadway and curb & gutter will be replaced and the roadway width will remain as is
- Sidewalk will be replaced in-kind as needed with no change to terrace width
- Parking will be removed from the west side of the street
- Marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side
- No trees will be removed and no right-of-way acquisition is anticipated
- The grass median along Newberry Boulevard may be slightly extended into crosswalks at Lake Drive; curb bump-outs may be constructed at the Newberry Boulevard-Lake Drive intersection

See Attachments 3-C and 3-D for proposed project plans and renderings.

**C. Newberry Boulevard Historic District**

The Newberry Boulevard Historic District is located along E. Newberry Boulevard between N. Oakland Avenue and N. Lake Drive.  The district's eastern historic boundary line abuts the proposed project corridor.

Adjacent to the Newberry Boulevard Historic District, the following project activities are proposed:

- The roadway and curb & gutter will be replaced and the roadway width will remain as is
- Sidewalk will be replaced in-kind as needed with no change to terrace width
- Parking will be removed from the west side of the street
- Marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side
- No trees will be removed and no right-of-way acquisition is anticipated
- The grass median along Newberry Boulevard may be slightly extended into crosswalks at Lake Drive; curb bump-outs may be constructed at the Newberry Boulevard-Lake Drive intersection

See Attachments 3-E and 3-F for proposed project plans and renderings.

### D. Joseph Uihlein Carriage House

The Joseph Uihlein Carriage House is located on the east side of N. Lake Drive. The property's western historic boundary abuts the proposed project corridor.

Adjacent to the Uihlein property, the following project activities are proposed:

- The roadway and curb & gutter will be replaced and the roadway width will remain as is
- Sidewalk will be replaced in-kind as needed with no change to terrace width
- Parking will be removed from the west side of the street
- Marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side
- No trees will be removed and no right-of-way acquisition is anticipated

See Attachments 3-G and 3-H for proposed projet plans and renderings.

### E. South Lakeshore Historic District

The South Lakeshore Historic District is located between Lake Michigan on the east, N. Downer Avenue on the west, E. Capitol Drive on the north, and E. Edgewood Avenue on the south. A portion of the district's southern historic boundary line abuts the proposed project area. District properties abutting the project area include 3515 N. Lake Drive and 3510 N. Lake Drive.

Within the South Lakeshore Historic District, the following project activities are proposed:

- The roadway and curb & gutter will be replaced and the roadway width will remain as is
- Sidewalk will be replaced in-kind as needed with no change to terrace width
- Parking will be removed from the west side of the street

- Marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side
- No trees will be removed and no right-of-way acquisition is anticipated
- A small concrete pedestrian island will be constructed at the East Edgewood Avenue crosswalk

See Attachments 3-I and 3-J for proposed project plans and renderings.

## 5. An Explanation of Why the Criteria of Adverse Effect Were Found Inapplicable

### A. Kenwood Park-Prospect Hill Historic District

*i. Physical destruction of or damage to all or part of the property.*

The proposed project activities will not result in damage to any resources within the Kenwood Park-Prospect Hill Historic District or to any significant features of the district.

*ii. Alteration of a property, including restoration, rehabilitation, repair, maintenance, stabilization, hazardous material remediation and provision of handicapped access, that is not consistent with the Secretary's Standards for the Treatment of Historic Properties (36 CFR part 68) and applicable guidelines.*

The proposed project will not result in alterations to any buildings within the district or to significant landscape features within its historic boundary. The proposed work will not impact the property's eligibility for NRHP listing.

*iii. Removal of the property from its historic location.*

No resources within the Kenwood Park-Prospect Hill Historic District nor any of the significant features within its historic boundary will be removed as a result of this project.

*iv. Change of the character of the property's use or of physical features within the property's setting that contribute to its historic significance.*

The Kenwood Park-Prospect Hill Historic District is listed in the National Register under *Criterion C: Architecture* as a locally significant and architecturally important collection of residential buildings that individually are of great architectural merit and collectively constitute a well-defined and visually distinct geographic and historic entity; its significance as such will not be diminished as a result of the proposed project activities and the district will continue to be eligible for listing under *Criterion C*. Adjacent to the Kenwood Park-Prospect Hill Historic District, the N. Lake Drive pavement will be replaced within the existing roadway footprint. The adjacent curb/gutter and sidewalk will be replaced in-kind as needed with no change to sidewalk or terrace width. Parking will be removed from the west side of N. Lake Drive. Marked bike lanes will be maintained/enhanced in each direction along N. Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side. Concrete islands at the E. Hampshire Street intersection will be slightly realigned; the concrete median between E. Kenwood Boulevard

and E. Hampshire Street will be reconstructed slightly to the east to accommodate turn lanes; curbs will be realigned at all corners of the East Kenwood Boulevard intersection; curb bump-outs will be constructed at East Hartford Avenue, East Newport Court, and East Newport Avenue; a small concrete pedestrian island will be constructed at the E. Edgewood Avenue crosswalk. No tree removal is anticipated. No right-of-way acquisition is anticipated. None of the physical features within the district's setting that contribute to its architectural significance will be altered and the district will continue to convey its current and historic residential neighborhood character. The project will not result in a change in the use of any properties within the district.

*v. Introduction of visual, atmospheric or audible elements that diminish the integrity of the property's significant historic features.*

The construction project, as designed, will not introduce visual, atmospheric, or audible elements that would diminish the integrity of the significant features of the district.

*vi. Neglect of a property that causes its deterioration, except where such neglect and deterioration are recognized qualities of a property of religious and cultural significance to an Indian Tribe or Native American organization.*

There is no reasonable or foreseeable link between this project and any possible neglect of properties within the district resulting in deterioration. Buildings within the Kenwood Park-Prospect Hill Historic District will continue to be viable for their current uses.

*vii. Transfer, lease, or sale of property out of Federal ownership or control without adequate and legally enforceable restrictions or conditions to ensure long-term preservation of the property's historic significance.*

No transfer, lease, or sale of property will take place as part of the proposed project.

**B. Lake Park**

*i. Physical destruction of or damage to all or part of the property.*

The proposed project activities will not result in damage to Lake Park or to any significant features of the park.

*ii. Alteration of a property, including restoration, rehabilitation, repair, maintenance, stabilization, hazardous material remediation and provision of handicapped access, that is not consistent with the Secretary's Standards for the Treatment of Historic Properties (36 CFR part 68) and applicable guidelines.*

The proposed project will not result in alterations to the park or to significant features within its historic boundary.

*iii. Removal of the property from its historic location.*

Neither Lake Park nor any of the significant features within its historic boundary will be removed as a result of this project.

*iv. Change of the character of the property's use or of physical features within the property's setting that contribute to its historic significance.*

Lake Park is eligible for listing in the National Register under *Criterion C: Landscape Architecture* as a locally significant designed historic landscape characteristic of the work of master landscape architect Frederick Law Olmsted and under *Criterion D: Archaeology* for the archaeological potential of its prehistoric burial mound, the last remaining mound in the City of Milwaukee. Its significance as such will not be diminished as a result of the proposed project activities and the park will continue to be eligible for listing under *Criterion C* and *Criterion D*. Adjacent to Lake Park, the N. Lake Drive pavement will be replaced within the existing roadway footprint. The adjacent curb/gutter will be replaced in-kind as needed. Parking will be removed from the west side of N. Lake Drive, but will remain along the east side (along Lake Park). Marked bike lanes will be maintained/ enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side. The grass median along Newberry Boulevard may be slightly extended into crosswalks at Lake Drive; curb bump-outs may be constructed at the Newberry Boulevard-Lake Drive intersection. No tree removal is anticipated. No right-of-way acquisition is anticipated. None of the physical features within the park's setting will be altered and the park will continue to convey its current and historic character as a landscaped, urban park. The project will not result in a change in the use of the property as a public park.

*v. Introduction of visual, atmospheric or audible elements that diminish the integrity of the property's significant historic features.*

The construction project, as designed, will not introduce visual, atmospheric, or audible elements that would diminish the integrity of the significant features of the park.

*vi. Neglect of a property that causes its deterioration, except where such neglect and deterioration are recognized qualities of a property of religious and cultural significance to an Indian Tribe or Native American organization.*

There is no reasonable or foreseeable link between this project and any possible neglect of Lake Park resulting in deterioration. The park will retain its current access drives and walkways off of N. Lake Drive. Lake Park will continue to be viable for use as a public park.

*vii. Transfer, lease, or sale of property out of Federal ownership or control without adequate and legally enforceable restrictions or conditions to ensure long-term preservation of the property's historic significance.*

No transfer, lease, or sale of property will take place as part of the proposed project.

## C. Newberry Boulevard Historic District

*i. Physical destruction of or damage to all or part of the property.*

The proposed project activities will not result in damage to any resources within the Newberry Boulevard Historic District or to any significant features of the district.

*ii. Alteration of a property, including restoration, rehabilitation, repair, maintenance, stabilization, hazardous material remediation and provision of handicapped access, that is not consistent with the Secretary's Standards for the Treatment of Historic Properties (36 CFR part 68) and applicable guidelines.*

The proposed project will not result in alterations to resources within the historic district or to significant landscape features within its historic boundary.

*iii. Removal of the property from its historic location.*

None of the resources within the Newberry Boulevard Historic District nor any significant features within its historic boundary will be removed as a result of this project.

*iv. Change of the character of the property's use or of physical features within the property's setting that contribute to its historic significance.*

The Newberry Boulevard Historic District is listed in the National Register under *Criterion C: Architecture* as an architecturally distinguished assemblage of late nineteenth and early twentieth century, upper middle-class houses unified by their orientation to a broad, landscaped boulevard and under *Criterion A: Community Planning and Development* as an example of the boulevard planning concept, which had such an important influence on the physical development of the City of Milwaukee. Its significance as such will not be diminished as a result of the proposed project activities and the district will continue to be eligible for NRHP listing under *Criterion C* and *Criterion A*. Adjacent to the Newberry Boulevard Historic District, the N. Lake Drive pavement will be replaced within the existing roadway footprint. The adjacent curb/gutter and sidewalk will be replaced in-kind as needed with no change to sidewalk or terrace width. Parking will be removed from the west side of N. Lake Drive. Marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side. The grass median along Newberry Boulevard may be slightly extended into crosswalks at Lake Drive; curb bump-outs may be constructed at the Newberry Boulevard-Lake Drive intersection. No tree removal is anticipated. No right-of-way acquisition is anticipated. None of the physical features within the district's setting will be significantly altered and the district will continue to convey its current and historic residential neighborhood character. The project will not result in a change in the use of properties within the district.

*v. Introduction of visual, atmospheric or audible elements that diminish the integrity of the property's significant historic features.*

The construction project, as designed, will not introduce visual, atmospheric, or audible elements that would diminish the integrity of the significant features of the district. The current viewshed to and from the historic district will not be significantly altered as a result of project activities.

*vi. Neglect of a property that causes its deterioration, except where such neglect and deterioration are recognized qualities of a property of religious and cultural significance to an Indian Tribe or Native American organization.*

There is no reasonable or foreseeable link between this project and any possible neglect of properties within the district resulting in deterioration. Buildings within the district will continue to be viable for their current uses.

*vii. Transfer, lease, or sale of property out of Federal ownership or control without adequate and legally enforceable restrictions or conditions to ensure long-term preservation of the property's historic significance.*

No transfer, lease, or sale of property will take place as part of the proposed project.


### D.  Joseph Uihlein Carriage House

*i. Physical destruction of or damage to all or part of the property.*

The proposed project activities will not result in damage to the Joseph Uihlein carriage house or to any significant features within its historic boundary.

*ii.  Alteration of a property, including restoration, rehabilitation, repair, maintenance, stabilization, hazardous material remediation and provision of handicapped access, that is not consistent with the Secretary's Standards for the Treatment of Historic Properties (36 CFR part 68) and applicable guidelines.*

The proposed project will not result in alterations to the building or to any significant features within its historic boundary.

*iii.  Removal of the property from its historic location.*

Neither the Joseph Uihlein carriage house nor any significant features within its historic boundary will be removed as a result of this project.

*iv. Change of the character of the property's use or of physical features within the property's setting that contribute to its historic significance.*

The Joseph Uilein Carriage House has been determined eligible for National Register listing under *Criterion C: Architecture* as a contributing resource to the Joseph Uihlein House, a highly intact and grand example of the Tudor Revival style.  Its significance as such will not be diminished as a result of the proposed project activities and it will continue to be eligible for NRHP listing under *Criterion C*.  Adjacent to the Uihlein property, the N. Lake Drive pavement will be replaced within the existing roadway footprint.  The adjacent curb/gutter and sidewalk will be replaced in-kind as needed with no change to sidewalk or terrace width.  Parking will be removed from the west side of N. Lake Drive.  Marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side. No tree removal is anticipated.  No right-of-way acquisition is anticipated and all work will take place outside of the property's presumed historic boundary.  None of the physical features within the property's setting will be significantly altered and the setting will continue to convey its current and historic residential neighborhood character.  The project will not result in a change in the use of the Uihlein property.

*v. Introduction of visual, atmospheric or audible elements that diminish the integrity of the property's significant historic features.*

The construction project, as designed, will not introduce visual, atmospheric, or audible elements that would diminish the integrity of the significant features of the property. The current viewshed to and from the property will not be significantly altered as a result of project activities.

*vi. Neglect of a property that causes its deterioration, except where such neglect and deterioration are recognized qualities of a property of religious and cultural significance to an Indian Tribe or Native American organization.*

There is no reasonable or foreseeable link between this project and any possible neglect of the property resulting in deterioration. The Uihlein carriage house will continue to be viable for its current residential use.

*vii. Transfer, lease, or sale of property out of Federal ownership or control without adequate and legally enforceable restrictions or conditions to ensure long-term preservation of the property's historic significance.*

No transfer, lease, or sale of property will take place as part of the proposed project.

## E. South Lakeshore Historic District

*i. Physical destruction of or damage to all or part of the property.*

The proposed project activities will not result in damage to any resources within the South Lakeshore Historic District or to any significant features of the district.

*ii. Alteration of a property, including restoration, rehabilitation, repair, maintenance, stabilization, hazardous material remediation and provision of handicapped access, that is not consistent with the Secretary's Standards for the Treatment of Historic Properties (36 CFR part 68) and applicable guidelines.*

The proposed project will not result in alterations to resources within the historic district or to significant landscape features within its historic boundary.

*iii. Removal of the property from its historic location.*

None of the resources within the South Lakeshore Historic District nor any significant features within its historic boundary will be removed as a result of this project.

*iv. Change of the character of the property's use or of physical features within the property's setting that contribute to its historic significance.*

The South Lakeshore Historic District is listed in the National Register under *Criterion C: Architecture* as a distinctive and dense collection of early to mid-twentieth century residential architecture with an especially large collection of Tudor Revival and Mediterranean Revival styles. Its significance as such will not be diminished as a result of the proposed project activities and the district will continue to be eligible for NRHP listing under *Criterion C*.

Within the South Lakeshore Historic District (adjacent to 3510 and 3515 N. Lake Drive), the N. Lake Drive pavement will be replaced within the existing roadway footprint. The adjacent portion of curb/gutter and sidewalk along N. Lake Drive will be replaced in-kind as needed with no change to sidewalk or terrace width. Parking will be removed from the west side of N. Lake Drive, within the project limits. Marked bike lanes will be maintained/enhanced in each direction along N. Lake Drive, within the project limits; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side. A small, concrete pedestrian island will be constructed at the E. Edgewood Avenue crosswalk. No tree removal is anticipated. No right-of-way acquisition is anticipated. None of the physical features within the district's setting will be significantly altered and the district will continue to convey its current and historic residential neighborhood character. The project will not result in a change in the use of properties within the district.

*v. Introduction of visual, atmospheric or audible elements that diminish the integrity of the property's significant historic features.*

The construction project, as designed, will not introduce visual, atmospheric, or audible elements that would diminish the integrity of the significant features of the district. The current viewshed to and from the historic district will not be significantly altered as a result of project activities.

*vi. Neglect of a property that causes its deterioration, except where such neglect and deterioration are recognized qualities of a property of religious and cultural significance to an Indian Tribe or Native American organization.*

There is no reasonable or foreseeable link between this project and any possible neglect of properties within the district resulting in deterioration. Buildings within the district will continue to be viable for their current uses.

*vii. Transfer, lease, or sale of property out of Federal ownership or control without adequate and legally enforceable restrictions or conditions to ensure long-term preservation of the property's historic significance.*

No transfer, lease, or sale of property will take place as part of the proposed project.


6.      **Copies or Summaries of Any Views Provided by Consulting Parties and the Public**

UWM-CRM contacted the Milwaukee County Historical Society, Historic Milwaukee, Inc., and Milwaukee Preservation Alliance in September 2020 to notify them of the proposed project activities and to ask for any input or concerns relating to historic resources in the project area. None of the organizations responded to this initial communication.

In September 2022, UWM-CRM contacted the Milwaukee Historic Preservation Commission, the Milwaukee County Historical Society, Historic Milwaukee, Inc., and Milwaukee Preservation Alliance to notify them of the proposed project activities (with specific focus on project activities in relation to properties identified as being of historic and/or architectural significance) and to ask for any input or concerns relating to historic resources in the project area. Milwaukee Preservation Alliance responded with concerns relating to the potential for damage or disturbance to building foundations as a result of the

use of heavy equipment in the process of removing the existing roadway pavement and/or sidewalks; the group's concerns were forwarded to the project team at the City of Milwaukee, and representatives of the City of Milwaukee responded accordingly. The Milwaukee Historic Preservation Commission responded to the September 2022 communication with questions regarding the evaluation of the determined eligible South Lakeshore Historic District; UWM-CRM responded with information regarding the district's Determination of Eligibility report. As of November 16, 2022, neither Historic Milwaukee, Inc. nor the Milwaukee County Historical Society has responded with any questions or concerns about the proposed project. If either organization responds following the submittal of this report, these responses will be promptly forwarded to WisDOT CRT.

See Attachments 4-A through 4-D for historical society/preservation organization correspondence.

In November 2022, the City of Milwaukee individually contacted the owners of all NRHP-listed, potentially eligible, and determined eligible properties within the project APE to notify them of the proposed project activities and to solicit any input regarding the proposed work in relation to the adjacent historic resources. This included the owners of properties located within the portion of the Kenwood Park-Prospect Hill Historic District that abuts the current project corridor; the owners of properties located within the portion of the Newberry Boulevard Historic District that abuts the current project corridor; and the owners of properties along the project corridor that were individually identified as potentially eligible or determined eligible for NRHP listing, including property owners within the portion of the South Lakeshore Historic District that abuts the current project corridor. Property owners were contacted by mail with individual letters detailing the proposed project activities at each historic district or historic property location. Letters were posted the week of November 14, 2022. Any responses received from property owners within the next 30 days will be compiled and forwarded to WisDOT CRT for review.

See Attachment 4-E for property owner communications.

A virtual Public Information Meeting (PIM) was held on July 15, 2020. Invitations to the PIM were mailed to property owners along the project corridor, along with comment forms. Representatives from the City of Milwaukee presented the proposed project alternatives and responded to public comments, questions, and concerns. Carlen Hatala of the Milwaukee Historic Preservation Commission commented that any roadway widening was not preferred within or adjacent to historic districts and commented on the importance of mature trees within districts along the project corridor. No other attendees commented on any specific historic or archaeological sites within the project APE. The project team considered comments and concerns from the public received at the July 2020 PIM prior to determining a preferred alternative for the project. A second PIM was held virtually on April 20, 2022 and in person on April 21, 2022 at the Helene Zalazo Center for the Performing Arts. At the virtual and in-person meetings, representatives from the City of Milwaukee presented the proposed project activities and responded to public comments, questions, and concerns. Information presented included an overview of the proposed project activities, a project location map, proposed project schedule, and WisDOT contact information. Members of the public were invited to ask questions or make comments during the meeting with the option of submitting comments via a mail-in comment form or email. As of November 16, 2022, no additional comments relating to historic properties in the project area have been received.

See Attachment 5 for PIM documentation.

**7.      Application of 4(f) Finding**

WisDOT hereby informs SHPO that FHWA may use SHPO's concurrence with the Determination of No Adverse Effect (DNAE) when considering whether a Section 4(f) de minimis impact finding is appropriate. SHPO concurrence with the DNAE serves as acknowledgement of this official notification. (References 23 USC 138(b) and 23 CFR 774.5(b)(1)).

**Documentation of No Adverse Effect Prepared By:**

| | |
|---|---|
| Name & Company: | Gail Klein, UWM – Cultural Resource Management Services |

| | | | | |
|---|---|---|---|---|
| Address: | PO Box 413 | Phone: | (414)229-3078 |
| City: | Milwaukee | State: | WI | Zip: | 53201-0413 |
| Email: | grklein@uwm.edu | Date: | November 16, 2022 |

| | | | | |
|---|---|---|---|---|
| Sub-contracting to: | | | |
| Address: | | Phone: | |
| City: | | State: | Zip: | |
| Email: | | Date: | |

The following supplemental materials are attached:

☒ Project location map with termini identified
☒ Project plan sheets showing activities in relation to each eligible property and the historic boundary
☒ Photographs that show setting and effect for each eligible property
☐ Section 106 documentation, including signed DOE cover pages
☒ Correspondence with property owners and consulting parties and any responses

**Attachment 1:**

**Project Location Map**

**Historic Districts and Surveyed Property Location Map**

## Attachment 1-A: Project location map



Map Details: UWM-CRM 2017-526
Coordinate System: NAD 1983 HARN Transverse Mercator
Projection: Transverse Mercator
Datum: North American 1983 HARN
Created by: UWM-CRM 2/19/2021

Project Location
N Lake Drive/STH 32, E Newberry Blvd to E Edgewood Ave
City of Milwaukee, Milwaukee County, Wisconsin
T7N R22E Sections 10 and 15

**Legend**
☐ Project Location

0        0.5        1 Miles
0        0.75        1.5 Kilometers

1:24,000

**Attachment 1-B: Overview Map of Historic Districts and Surveyed Properties**



**Legend**

- Surveyed Properties
- 100' Area of Potential Effect
- Project Location

**Determined Eligible Historic Districts**
- South Lakeshore

**City of Milwaukee Historic Districts**
- North Lake Drive
- North Lake Drive Estates
- North Point North

**NRHP Historic Districts**
- Kenwood Park-Prospect Hill
- Lake Park
- Newberry Boulevard
- North Point North

Map Details: UWM-CRM 2017-526
Coordinate System: NAD 1983 HARN Transverse Mercator
Projection: Transverse Mercator
Datum: North American 1983 HARN
Created by: UWM-CRM 9/15/2022

Surveyed Properties
N Lake Drive/STH 32, E Newberry Blvd to E Edgewood Ave
City of Milwaukee, Milwaukee County, Wisconsin
T7N R22E Sections 10 and 15

0    500    1,000    2,000 Feet
0  125  250    500 Meters

1:10,000

**Attachment 2:**

**Property Photographs**

**Historic Boundary Maps**

**Attachment 2-A: Kenwood Park-Prospect Hill Historic District**
**Overview Photos from N. Lake Drive**



Looking northwest at 3000 block of N. Lake Dr.



Looking northwest at 2800 block of N. Lake Dr.

**Attachment 2-B: Kenwood Park-Prospect Hill Historic District
Historic Boundary Map (2 pages)**





**Attachment 2-C: Lake Park**
**Overview Photos from N. Lake Drive**



Looking east across N. Lake Drive from 2900 block of N. Lake Dr. towards Lake Park



Looking north from eastern edge of N. Lake Drive at E. Linnwood Avenue pedestrian entrance to Lake Park

## Attachment 2-D: Lake Park
### Historic Boundary Map



KEY TO FEATURES IN THE PARK

| Name | Map Code | Classif-ication |
|---|---|---|
| Steel Arch Bridge | (1) | C |
| Brick Arch Bridge | (2) | C |
| Lion Bridges (2) | (3, 4) | C |
| South Concourse | (5) | C |
| North Point Lighthouse/Dwelling | (6) | C |
| Indian Mound | (7) | C |
| Formal Entrance at Newberry Blvd. | (8) | nc |
| Rustic footbridges (12) | (9) | C |
| Pavilion | (10) | C |
| Concrete Footbridge | (11) | C |
| Grand Stairway | (12) | C |
| Mound Plaque | (13) | nc |
| Tennis Court (altered) | (14) | C |
| Tool Shed/Workshop/Storage Building | (15) | C |
| E. B. Wolcott Monument | (16) | C |
| American War Mothers Plaque | (17) | nc |
| Lincoln Memorial Drive | (18) | C |
| American War Mothers Plaque | (19) | nc |
| Bowling on the Green | (20) | C |
| 18-Hole Golf Course | (21) | nc |
| Lawn Bowling Clubhouse | (22) | C |
| Ice Skating Warming House | (23) | nc |
| County Bicycle Path | (24) | nc |
| Milwaukee Landmarks Commission Plaque | (25) | nc |
| Exercise/Jogging Trail | (26) | nc |
| Golf Starter's Building | (27) | nc |
| Nike Missile Building | (28) | nc |

**LAKE PARK**
**MILWAUKEE, MILWAUKEE COUNTY, WI**

——— = Boundary of nominated property

Lake Michigan

**Attachment 2-E: Newberry Boulevard Historic District**
**Overview Photos from N. Lake Drive**



Looking northwest at 3000 E. Newberry Blvd.



Looking southeast at 2773 N. Lake Dr.

**Attachment 2-F: Newberry Boulevard Historic District
Historic Boundary Map (2 pages)**









**Attachment 2-G: Joseph Uihlein Carriage House**
**Overview Photo from N. Lake Drive**



View from N. Lake Dr.



WHPD image

**Attachment 2-H: Joseph Uihlein Carriage House**
**Historic Boundary Map**



**Attachment 2-I: South Lakeshore Historic District**
**Overview Photos from N. Lake Drive**



3515 N. Lake Dr.



3510 N. Lake Dr.

### Attachment 2-J: South Lakeshore Historic District
### Historic Boundary Map



SOUTH LAKESHORE HISTORIC DISTRICT BOUNDARY MAP KEYED TO PHOTOS
Village of Shorewood, Milwaukee County
Base map from Milwaukee County GIS

**Attachment 3:**

**Adjacent Project Activity Plans and Renderings**

## Attachment 3-A: Kenwood Park - Prospect Hill Historic District
## Adjacent Project Plans



Proposed curb realignment
at E. Kenwood Blvd.

Existing/proposed
ROW

Historic Boundary

No changes to
sidewalk/terrace location



No changes to sidewalk/terrace location

Realigned concrete islands/median

Historic Boundary

Existing/proposed ROW

Proposed curb realignment at E. Kenwood Blvd.

E. HAMPSHIRE ST.

E. KENWOOD BLVD.

N LAKE DR E KENWOOD BLVD TO E HAMPSHIRE BLVD

N LINCOLN MEMORIAL DR

N



Proposed concrete pedestrian island

Historic Boundary

Existing/proposed ROW

No changes to sidewalk/terrace location

Proposed curb bump-outs

**Attachment 3-B: Kenwood Park - Prospect Hill Historic District**
**Adjacent Project Activities (2 pages)**



Looking north along N. Lake Drive at 3329 N. Lake Drive

Historic Boundary and existing/proposed curb

Trees to remain

Existing parking lane/ proposed bike lane

Existing/proposed sidewalk and terrace

Driveways to remain

Existing/proposed ROW



Looking north across E. Hartford Avenue

Trees to remain

Comparable bump-outs at E. Newport Ave. and E. Newport Ct.

Proposed curb bump-outs

Historic Boundary



Looking south at 2900 block of N. Lake Drive

Trees to remain

Parking to be removed

Existing/proposed ROW

Historic Boundary

Existing/proposed terrace

Existing/proposed sidewalk

**Attachment 3-C: Lake Park**
**Adjacent Project Plans**



Historic Boundary

Existing/proposed ROW

Proposed curb bump-outs and slight extension of E. Newberry Blvd. median

**Attachment 3-D: Lake Park**
**Adjacent Project Activity**



Looking north along N. Lake Drive at E. Linnwood Avenue pedestrian entrance to Lake Park

Existing/proposed ROW

Existing bike lane/ proposed parking

Historic Boundary and existing/proposed curb

Existing parking/ proposed bike lane



Looking southeast at E. Newberry Blvd. towards Lake Park

Existing/proposed ROW

Historic Boundary

Proposed bump-out



Looking southwest at E. Newberry Blvd. towards Lake Park

Existing/proposed ROW

Proposed extension of Newberry Blvd. median

Proposed bump-out

Historic Boundary

**Attachment 3-E: Newberry Boulevard Historic District**
**Adjacent Project Plans**



**Attachment 3-F: Newberry Boulevard Historic District**
**Adjacent Project Activity**



Looking southwest from Lake Dr. toward E. Newberry Blvd.

Trees to remain

Existing/proposed terrace

Existing/proposed sidewalk

Existing/proposed ROW

Existing/proposed curb

Historic Boundary

Existing parking/ proposed bike lane



Looking north across E. Newberry Blvd. at Lake Dr.

Proposed extension of Newberry Blvd. median

Historic Boundary

Proposed crosswalk



Looking east at southeast corner of Newberry Blvd. - Lake Dr. intersection

Existing/proposed terraces

Proposed curb bump-out

Historic Boundary

Existing/proposed sidewalks

Existing/proposed ROW

## Attachment 3-G: Joseph Uihlein Carriage House
### Adjacent Project Plans



**Attachment 3-H: Joseph Uihlein Carriage House
Adjacent Project Activity**



**Attachment 3-I: South Lakeshore Historic District
Adjacent Project Plans**



**Attachment 3-J: South Lakeshore Historic District**
**Adjacent Project Activity**



Looking northeast at 3510 N. Lake Dr.

Trees to remain

Existing/proposed curb

Existing/proposed sidewalk

Existing/proposed R/W

Approximate locaiton of proposed pedestri-an island

Existing/proposed terrace

Historic Boundary

Existing bike lane/ proposed parking

Existing parking/ proposed bike lane



Looking southwest at 3515 N. Lake Dr.

Trees to remain

Existing/proposed R/W

Historic Boundary

Existing/proposed curb

Existing/proposed terrace

Existing/proposed sidewalk

Driveway to remain

Existing parking/ proposed bike lane

**Attachment 4:**

**Historical Society Correspondence**

**Property Owner Correspondence**

**Attachment 4-A: Historical Society Notification**
**September 2020**

## Proposed Roadwork along N. Lake Dr.

Gail Rae Klein <grklein@uwm.edu>

Fri 9/11/2020 1:44 PM

**To:** info@milwaukeehistory.net <info@milwaukeehistory.net>; stacy@historicmilwaukee.org <stacy@historicmilwaukee.org>; Milwaukee Preservation <mpa@milwaukeepreservation.org>

📎 1 attachments (1 MB)

2017-526_Architecture_HistoricDistricts_Aerial.pdf;

Dear Milwaukee County Historical Society, Historic Milwaukee Inc., and Milwaukee Preservation Alliance,

I am writing to inform you of a proposed roadwork project located along N. Lake Drive between E. Newberry Blvd. and E. Edgewood Ave. in the City of Milwaukee. The proposed project consists of the reconstruction of the existing roadway, curb and gutter, driveway approaches, and sidewalks. In addition, left turn lanes will be added at some intersections. All work will take place within the existing right-of-way.

UWM-Cultural Resource Management has been contracted to investigate any potentially significant historic or architectural resources within this project area. In addition to our site visit of the project area and searches of the Wisconsin Historic Preservation Database and National Register of Historic Places, we would be interested in any properties you believe to be of potential historical or architectural significance, particularly those not already listed in the National Register. I have attached a map showing the proposed project area in relation to National Register districts (and locally landmarked historic districts). If you are aware of any additional properties of significance, or if you have questions about the proposed project, please contact me at grklein@uwm.edu or 414-229-3078.

Thank you,

Gail Klein, M.S.
Architectural Historian

Cultural Resource Management
University of Wisconsin-Milwaukee
Sabin Hall 290
PO Box 413
Milwaukee, WI 53201
414.229.3078

**Attachment 4-B: Historical Society Notification**
**September 2022 (5 pages)**



UNIVERSITY of WISCONSIN

## Archaeological Research Laboratory Center

*Cultural Resource Management*

Sabin Hall, Rm 290
PO Box 413
Milwaukee, WI 53201-0413
414 229-3078
www.uwm.edu
www.uwm.edu/archaeology-laboratory/

September 7, 2022

Milwaukee Historic Preservation Commission
841 N. Broadway, Room B-1
Milwaukee, WI 53202

Re: Lake Drive Pavement Replacement Project
    E. Newberry Blvd. to E. Edgewood Ave.
    Milwaukee, Milwaukee County, WI
    WisDOT ID: 2225-15-00

Dear Milwaukee Historic Preservation Commission:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the resurfacing of Lake Drive from E. Newberry Blvd. to E. Edgewood Ave. in the City of Milwaukee, Milwaukee County, Wisconsin (see attached map). The project also involves the replacement of existing curb ramps with ADA compliant curb ramps at individual intersections and the maintenance and enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of N. Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area which abuts a number of historic districts that are listed in the National Register of Historic Places (NRHP) and others that are locally landmarked. During our investigation, we have identified the following properties as being of historic and/or architectural significance based on field survey and archival research:

- **Kenwood Park-Prospect Hill Historic District**
    - NRHP listed
    - overlaps a portion of the locally designated North Lake Drive Historic District

- **Lake Park – 3233 E. Kenwood Boulevard**
    - NRHP listed
    - contributing element of locally designated North Point North Historic District

- **Newberry Boulevard Historic District**
    - NRHP listed
    - overlaps a portion of the locally designated North Lake Drive Historic District

- **Joseph Uihlein carriage house – 3312-3322 N. Lake Drive**
  - contributing element of the NRHP eligible Joseph Uihlein House
  - contributing element of locally designated North Lake Drive Estates Historic District

- **Frederick Jr. and Louise Vogel gatehouse – 3510 N. Lake Drive**
  - potentially eligible for NRHP listing as contributing element of Frederick Jr. and Louise Vogel House
  - element of Milwaukee County Historical Society landmarked Vogel House

- **Irving Stanley Stone House – 3474 N. Lake Drive**
  - potentially eligible for NRHP listing
  - contributing element of locally designated North Lake Drive Estates Historic District

- **Samuel Field House – 3432 N. Lake Drive**
  - potentially eligible for NRHP listing
  - contributing element of locally designated North Lake Drive Estates Historic District

- **Henry M. Thompson gatehouse – 3288 N. Lake Drive**
  - potentially eligible for NRHP listing as contributing element of Henry M. Thompson House
  - contributing element of locally designated North Lake Drive Estates Historic District

See attached map for locations of NRHP and locally designated historic districts in relation to the project corridor. Because of the potential historic significance of NRHP-listed and eligible properties, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on these resources. For planning purposes, the proposed work has been divided into three segments throughout the length of the corridor. The following is an outline of proposed project activities in each segment:

*From E. Newberry Boulevard to E. Kenwood Boulevard*
- the roadway will be resurfaced; curb to curb roadway width will remain as is
- curb/gutter and sidewalk will be replaced in-kind as needed with no change to terrace width
- parking will be removed from west side of street
- the grass median along Newberry Boulevard may be slightly extended into crosswalks at Lake Drive; possible curb bump-outs at Newberry Boulevard-Lake Drive intersection
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be separated from traffic/parking lanes via flexible tubular marker posts and/or precast concrete curb
- no trees will be removed and no right-of-way acquisition is anticipated

Portions of **Lake Park**, the **Newberry Boulevard Historic District**, and the **Kenwood Park-Prospect Hill Historic District** are located along this segment.

*From E. Kenwood Boulevard to E. Hampshire Street*
- the roadway will be resurfaced; curb to curb roadway width will remain as is
- curb/gutter and sidewalk will be replaced in-kind as needed with no change to terrace width
- parking will be removed from west side of street

- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be separated from traffic/parking lanes via flexible tubular marker posts and/or precast concrete curb
- curbs will be realigned at all corners of the E. Kenwood Boulevard intersection
- the existing concrete median will be reconstructed and shifted slightly east to accommodate bike lane and turn lanes
- no trees will be removed and no right-of-way acquisition is anticipated

Portions of **Lake Park** and the **Newberry Boulevard Historic District** are located along this segment.

*From E. Hampshire Street to E. Edgewood Avenue*
- the roadway will be resurfaced; curb to curb roadway width will remain as is
- curb/gutter and sidewalk will be replaced in-kind as needed with no change to terrace width
- parking will be removed from west side of street
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be separated from traffic/parking lanes via flexible tubular marker posts and/or precast concrete curb
- concrete islands at E. Hampshire Street intersection will be slightly realigned; a new, small concrete pedestrian island will be constructed at the E. Edgewood Avenue crosswalk
- no trees will be removed and no right-of-way acquisition is anticipated

The **Joseph Uihlein carriage house**, the **Frederick Jr. and Louise Vogel gatehouse**, the **Irving Stanley Stone House**, the **Samuel Field House**, the **Henry M. Thompson gatehouse**, and portions of the **Kenwood Park-Prospect Hill Historic District** are located along this segment.

As part of the required review process related to the effects of the roadwork on historic properties, please take this opportunity to contact me at grklein@uwm.edu or 414-251-6772 with any concerns or questions you have related to this project and its impact on historic properties.

Sincerely,

*Gail Klein*

Gail Klein, M.S.
Architectural Historian, Cultural Resource Management
Archaeological Research Laboratory Center



Map Details: UWM-CRM 2017-526
Coordinate System: NAD 1983 HARN Transverse Mercator
Projection: Transverse Mercator
Datum: North American 1983 HARN
Created by: UWM-CRM 2/19/2021

Project Location
N Lake Drive/STH 32, E Newberry Blvd to E Edgewood Ave
City of Milwaukee, Milwaukee County, Wisconsin
T7N R22E Sections 10 and 15

**Legend**
Project Location

1:7,500



Previously Recorded Historic Districts
Coincident with the Project Location
N Lake Drive/STH 32, E Newberry Blvd to E Edgewood Ave
City of Milwaukee, Milwaukee County, Wisconsin
T7N R22E Sections 10 and 15

Legend

Project Location

**City of Milwaukee Historic Districts**

North Lake Drive
North Lake Drive Estates
North Point North

**NRHP Historic Districts**

Kenwood Park-Prospect Hill
Lake Park
Newberry Boulevard
North Point North

Map Details: UWM-CRM 2017-526
Coordinate System: NAD 1983 HARN Transverse Mercator
Projection: Transverse Mercator
Datum: North American 1983 HARN
Created by: UWM-CRM 2/19/2021

0    0.25    0.5 Miles
0    0.5    1 Kilometers

1:15,000

## Lake Drive Resurfacing Project: Update to Historic Districts

**Gail Rae Klein <grklein@uwm.edu>**

Wed 9/14/2022 9:29 AM

To: Historic Preservation Commission <hpc@milwaukee.gov>;Tim Askin
<tim.askin@milwaukee.gov>;stacy@historicmilwaukee.org
<stacy@historicmilwaukee.org>;info@milwaukeehistory.net <info@milwaukeehistory.net>;Milwaukee
Preservation <mpa@milwaukeepreservation.org>;mjknapp@milwaukeehistory.net
<mjknapp@milwaukeehistory.net>

📎 1 attachments (182 KB)
South Lakeshore HD Boundary Map.pdf;

Hello all,

I've just been informed that SHPO has determined another historic district abutting the Lake Drive project area to
be eligible for NRHP listing: the South Lake Shore Historic District.  Two properties within the district are located
adjacent to the proposed project area: 3510 N. Lake Drive and 3515 N. Lake Drive.  See the attached map for the
historic boundary of the eligible district.  Proposed work adjacent to these properties includes:

- resurfacing of the adjacent roadway; curb to curb roadway width will remain as is
- in-kind replacement of curb/gutter and sidewalk as needed with no change to terrace width
- removal of parking from west side of street
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be separated
  from traffic/parking lanes via flexible tubular marker posts and/or precast concrete curb
- no tree removal and no right-of-way acquisition
- construction of a small concrete pedestrian island at the E. Edgewood Avenue crosswalk

Please let me know if you have any questions or concerns regarding the impact of the proposed work on these or
any other historic properties along the project corridor.

Thank you,

Gail Klein, M.S.
Architectural Historian, Cultural Resource Management
Archaeological Research Laboratory Center
University of Wisconsin-Milwaukee
PO Box 413
Milwaukee, WI 53201
Office (414) 229-3078  |  Direct (414) 251-6772

**Attachment 4-C: Milwaukee Preservation Alliance Response**
**September 2022 (4 pages)**

Re: Proposed roadwork along N. Lake Dr.

Jeremy Ebersole <jebersole@milwaukeepreservation.org>
Mon 10/3/2022 10:55 AM
To: Gail Rae Klein <grklein@uwm.edu>
Cc: Medhin, Samuel <smedhi@milwaukee.gov>;Beach, David <dbeach@milwaukee.gov>

Thank you, Gail, for passing this on, and Samuel and David for responding to my question. Based on your explanation, it sounds like the scope of work and precautions being taken are such that there should not be any damage to the foundations of neighboring buildings, which alleviates my concerns. No particular situation sparked my concern; just being extra vigilant as I know that certain kinds of road work have the potential to cause issues with older neighboring properties. Thank you!

**Jeremy T. Ebersole**  (he/him/his)
***Executive Director***
Milwaukee Preservation Alliance
***\*\*please note our new mailing address\*\****
1100 S. 5th Street, Suite 319, Milwaukee, WI 53204
(414) 220-0530  *  milwaukeepreservationalliance.org
Facebook  *  Instagram  *  Twitter

MPA is a 501(c)(3) non-profit organization devoted to promoting stewardship and awareness of the historic, cultural and economic value of Milwaukee's built heritage.

On Mon, Oct 3, 2022 at 8:07 AM Gail Rae Klein <grklein@uwm.edu> wrote:

Hi Jeremy,

The City provided the following information in response to your concern:

*The goals of the Lake Drive Pavement Replacement improvement project is to replace the pavement layers using sawcuts and care by the contractor to remove pavement layers in pieces (asphalt on concrete) while keeping the existing concrete curb & gutter intact. It then would be important to have construction notes in the construction plan and articles in the project special provision that restricts the way they can remove the road while also preserving that concrete curb & gutter. If the concrete curb and gutter never breaks, then that is a good sign that there is not much to be concerned about for neighboring historic and non-historic properties.*

*Is there any history or background that has created Jeremy's concern for North Lake Drive?*

*Would concern by Jeremy go away with the knowledge that pavement is not being reconstructed, but instead just being replaced?*

If you have further questions, David Beach and Samuel Medhin are included in this email and should be able to provide more information.

Thank you!

Gail Klein, M.S.
Architectural Historian, Cultural Resource Management
Archaeological Research Laboratory Center
University of Wisconsin-Milwaukee
PO Box 413
Milwaukee, WI 53201
Office (414) 229-3078 | Direct (414) 251-6772

---

**From:** Jeremy Ebersole <jebersole@milwaukeepreservation.org>
**Sent:** Friday, September 30, 2022 5:23 PM
**To:** Gail Rae Klein <grklein@uwm.edu>; Medhin, Samuel <smedhi@milwaukee.gov>; Beach, David <dbeach@milwaukee.gov>
**Subject:** Re: Proposed roadwork along N. Lake Dr.

Just circling back to some older emails and wanted to reconnect regarding my question about the potential for road work to affect neighboring historic building foundations. Thanks so much for your thoughts.

**Jeremy T. Ebersole**  (he/him/his)
***Executive Director***
Milwaukee Preservation Alliance
***\*\*please note our new mailing address\*\****
1100 S. 5th Street, Suite 319, Milwaukee, WI 53204
(414) 220-0530 * milwaukeepreservationalliance.org
Facebook  *  Instagram  *  Twitter

MPA is a 501(c)(3) non-profit organization devoted to promoting stewardship and awareness of the historic, cultural and economic value of Milwaukee's built heritage.

On Thu, Sep 8, 2022 at 2:29 PM Gail Rae Klein <grklein@uwm.edu> wrote:

Hi Jeremy,

Thanks for the quick response!  I've cc'd the project manager and engineer at the City here.  Sam or Dave, can you provide any information regarding the equipment that will be used during the course of the project and its potential to damage adjacent building foundations (see Jeremy's question below)?

Thank you,

Gail Klein, M.S.
Architectural Historian, Cultural Resource Management
Archaeological Research Laboratory Center
University of Wisconsin-Milwaukee
PO Box 413
Milwaukee, WI 53201
Office (414) 229-3078 | Direct (414) 251-6772

**From:** Jeremy Ebersole <jebersole@milwaukeepreservation.org>
**Sent:** Wednesday, September 7, 2022 5:08 PM
**To:** Gail Rae Klein <grklein@uwm.edu>
**Subject:** Re: Proposed roadwork along N. Lake Dr.

One immediate thought is the potential impact of any demolition work on the road and sidewalk on neighboring historic properties. Will the work be done without jackhammers or other heavy equipment that has the potential to shake or damage the foundations of historic properties? Thanks!

**Jeremy T. Ebersole**  (he/him/his)
*Executive Director*
Milwaukee Preservation Alliance
***please note our new mailing address***
1100 S. 5th Street, Suite 319, Milwaukee, WI 53204
(414) 220-0530  *  milwaukeepreservationalliance.org
Facebook  *  Instagram  *  Twitter

MPA is a 501(c)(3) non-profit organization devoted to promoting stewardship and awareness of the historic, cultural and economic value of Milwaukee's built heritage.

On Wed, Sep 7, 2022 at 5:03 PM Jeremy Ebersole <jebersole@milwaukeepreservation.org> wrote:

Gail,

Thank you as always for the opportunity to comment. We will reach out if we have any concerns.

**Jeremy T. Ebersole**  (he/him/his)
*Executive Director*
Milwaukee Preservation Alliance
***please note our new mailing address***
1100 S. 5th Street, Suite 319, Milwaukee, WI 53204
(414) 220-0530  *  milwaukeepreservationalliance.org
Facebook  *  Instagram  *  Twitter

MPA is a 501(c)(3) non-profit organization devoted to promoting stewardship and awareness of the historic, cultural and economic value of Milwaukee's built heritage.

On Wed, Sep 7, 2022 at 1:00 PM Gail Rae Klein <grklein@uwm.edu> wrote:

Dear Milwaukee Preservation Alliance,

Please see the attached notification regarding a proposed pavement replacement project along N. Lake Drive (E. Newberry Blvd. to E. Edgewood Ave.) in the City of Milwaukee. UWM-Cultural Resource Management is preparing a Documentation of No Adverse Effect for the project, so please let me know of any questions or concerns you may have regarding the potential effect of any of the proposed project activities on historic resources along the project corridor.

Thank you!

Gail Klein, M.S.
Architectural Historian, Cultural Resource Management
Archaeological Research Laboratory Center
University of Wisconsin-Milwaukee
PO Box 413
Milwaukee, WI 53201
Office (414) 229-3078 | Direct (414) 251-6772

**Attachment 4-D: Milwaukee Historic Preservation Commission Response**
**September 2022**

## Re: Lake Drive Resurfacing Project: Update to Historic Districts

Gail Rae Klein <grklein@uwm.edu>

Wed 9/14/2022 10:04 AM

To: Tim Askin <tim.askin@milwaukee.gov>

Cc: Hatala, Carlen <chatal@milwaukee.gov>;Jeremy Ebersole <jebersole@milwaukeepreservation.org>

The South Lakeshore Historic District was identified in Shorewood's 2011 intensive survey, and a DOE was completed for it earlier this year as part of a WisDOT project (the Shorewood portion of the Lake Drive/STH 32 resurfacing project). SHPO signed the DOE on September 1. I've attached the DOE if you'd like to review it. For the purposes of Section 106 review, my guess is that preparing a DOE for a previously identified potential district is a more straightforward process than drafting an extension to an existing listed district. It may be possible that if a full NRHP nomination were pursued, SHPO would consider this as an extension of the previous district if the two shared the same relevant historic and architectural contexts. But that's a good question for the SHPO team!

Gail Klein, M.S.
Architectural Historian, Cultural Resource Management
Archaeological Research Laboratory Center
University of Wisconsin-Milwaukee
PO Box 413
Milwaukee, WI 53201
Office (414) 229-3078 | Direct (414) 251-6772

---

**From:** Askin, Tim <Tim.Askin@milwaukee.gov>
**Sent:** Wednesday, September 14, 2022 9:38 AM
**To:** Gail Rae Klein <grklein@uwm.edu>
**Cc:** Hatala, Carlen <chatal@milwaukee.gov>; Jeremy Ebersole <jebersole@milwaukeepreservation.org>
**Subject:** RE: Lake Drive Resurfacing Project: Update to Historic Districts

What is the reasoning to make this a new district rather than an eligible extension of the existing Kenwood Park/Prospect Hill? A municipal boundary is not sufficient justification for having abutting districts.

Tim Askin, Senior Planner
Historic Preservation Commission
City of Milwaukee
414-286-5712
Tim.Askin@Milwaukee.gov

**Attachment 4-E: Property Owner Notifications**
**November 2022**



**City of Milwaukee**

**Department of Public Works**
Infrastructure Services Division

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified the **Kenwood Park-Prospect Hill Historic District** as being of historic and/or architectural significance. Because of the historic significance of this district, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on properties within the district.

Adjacent to the **Kenwood Park-Prospect Hill Historic District**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- concrete islands at East Hampshire Street intersection will be slightly realigned; concrete median between East Kenwood Boulevard and East Hampshire Street will be reconstructed slightly to the east to accommodate turn lanes.
- curbs will be realigned at all corners of the East Kenwood Boulevard intersection.
- curb bump-outs will be constructed at East Hartford Avenue, East Newport Court, and East Newport Avenue.
- no trees will be removed and no right-of-way acquisition is anticipated.
- a small concrete pedestrian island will be constructed at the East Edgewood Avenue crosswalk.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt

841 North Broadway, Room 701 ● Milwaukee, Wisconsin 53202-3613
Voice (414) 286-2400 ● Fax (414) 286-5994 ● TDD (414) 286-2025 ● www.city.milwaukee.gov/mpw



**City of Milwaukee**

**Department of Public Works**
Infrastructure Services Division

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified the **Newberry Boulevard Historic District** (listed in the National Register of Historic Places) as being of historic and/or architectural significance. Because of the historic significance of this district, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on properties within the district.

Adjacent to the **Newberry Boulevard Historic District**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.
- the grass median along Newberry Boulevard may be slightly extended into crosswalks at Lake Drive; curb bump-outs may be constructed at Newberry Boulevard-Lake Drive intersection.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt



**City of Milwaukee**

Department of Public Works
Infrastructure Services Division

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of existing curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified **Lake Park at 3233 East Kenwood Boulevard** as being of historic and/or architectural significance. Because of the historic significance of this property, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on the property.

Adjacent to **Lake Park**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.
- the grass median along Newberry Boulevard may be slightly extended into crosswalks at Lake Drive; curb bump-outs may be constructed at Newberry Boulevard-Lake Drive intersection.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt



City
of
Milwaukee

Department of Public Works
Infrastructure Services Division

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of existing curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified **Joseph Uihlein carriage house at 3312-3322 North Lake Drive** (a contributing element of the Joseph Uihlein House) as being of historic and/or architectural significance. Because of the historic significance of this property, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on the property.

Adjacent to the **Joseph Uihlein carriage house** the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt

841 North Broadway, Room 701 ● Milwaukee, Wisconsin 53202-3613
Voice (414) 286-2400 ● Fax (414) 286-5994 ● TDD (414) 286-2025 ● www.city.milwaukee.gov/mpw

MILWAUKEE



**City of Milwaukee**

**Department of Public Works**
Infrastructure Services Division

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified the **Frederick Jr. and Louise Vogel gatehouse** (a contributing element of the Frederick Jr. and Louise Vogel House) as being of historic and/or architectural significance. Because of the historic significance of this district, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on properties within the district.

Adjacent to the **Frederick Jr. and Louise Vogel gatehouse**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.
- a small concrete pedestrian island will be constructed at the East Edgewood Avenue crosswalk.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

BT:trt





**City of Milwaukee**

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

**Department of Public Works**
Infrastructure Services Division

November 16, 2022

Re: Lake Drive Pavement Replacement Project
    East Newberry Boulevard to East Edgewood Avenue
    Milwaukee, Milwaukee County, Wisconsin
    WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified the **Irving Stanley Stone House** at **3474 North Lake Drive** as being of historic and/or architectural significance. Because of the potential historic significance of this property, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on the property.

Adjacent to the **Irving Stanley Stone House**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt





**City of Milwaukee**

**Department of Public Works**
Infrastructure Services Division

**Jerrel Kruschke, PE**
Commissioner of Public Works

**Kevin J. Muhs, PE, AICP**
City Engineer

**Timothy J. Thur, PE**
Infrastructure Administration Manager

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified the **Samuel Field House** at **3432 North Lake Drive** as being of historic and/or architectural significance. Because of the potential historic significance of this property, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on the property.

Adjacent to the **Samuel Field House**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt



**City of Milwaukee**

**Jerrel Kruschke, PE**
Commissioner of Public Works

**Kevin J. Muhs, PE, AICP**
City Engineer

**Timothy J. Thur, PE**
Infrastructure Administration Manager

**Department of Public Works**
Infrastructure Services Division

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified the **Henry M. Thompson gatehouse** (a contributing element of the Henry M. Thompson House) at **3288 North Lake Drive** as being of historic and/or architectural significance. Because of the potential historic significance of this property, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on the property.

Adjacent to the **Thompson gatehouse**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.
- curb bump-outs will be constructed at the East Hartford Avenue intersection to facilitate pedestrian crossing.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt





**City of Milwaukee**

**Department of Public Works**
Infrastructure Services Division

Jerrel Kruschke, PE
Commissioner of Public Works

Kevin J. Muhs, PE, AICP
City Engineer

Timothy J. Thur, PE
Infrastructure Administration Manager

November 16, 2022

Re: Lake Drive Pavement Replacement Project
East Newberry Boulevard to East Edgewood Avenue
Milwaukee, Milwaukee County, Wisconsin
WisDOT ID: 2225-15-00

Dear Property Owner:

As you may be aware, the City of Milwaukee has proposed a roadwork project involving the pavement replacement of Lake Drive from East Newberry Boulevard to East Edgewood Avenue in the City of Milwaukee, Milwaukee County, Wisconsin. The project also involves the replacement of antiquated curb ramps with ADA compliant curb ramps at individual intersections and the enhancement of bike lanes in each direction (requiring the removal of street parking along the west side of North Lake Drive).

University of Wisconsin-Milwaukee Cultural Resource Management (UWM-CRM) has been contracted to investigate the historic and architectural resources within this project area. During this investigation, UWM-CRM identified the **Harry and Jessie Johnston House** at **3515 North Lake Drive** as being of historic and/or architectural significance. Because of the potential historic significance of this property, the City of Milwaukee is required to consider any impacts the proposed roadwork may have on the property.

Adjacent to the **Harry and Jessie Johnston House**, the following project activities are proposed:

- the roadway and curb & gutter will be replaced and the roadway width will remain as is.
- sidewalk will be replaced in-kind as needed with no change to terrace width.
- parking will be removed from west side of street.
- marked bike lanes will be maintained/enhanced in each direction along Lake Drive; bike lanes will be parking lane protected on the east side and precast concrete curb protected on the west side.
- no trees will be removed and no right-of-way acquisition is anticipated.
- a small concrete pedestrian island will be constructed at the East Edgewood Avenue crosswalk.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov.

Sincerely,

Kevin J. Muhs, P.E.
City Engineer

DT:trt

Case 2:24-cv-01366-JPS    Filed 01/24/25    Page 98 of 110    Document 14

**Attachment 5:**

**Public Information Meeting Documentation**

**Attachment 5-A: Invitation to July 2020 PIM**



City
of
Milwaukee

**Department of Public Works**
Infrastructure Services Division

**Jeffrey S. Polenske, P.E.**
Commissioner of Public Works

**Samir Amin, P.E.**
City Engineer

**Timothy J. Thur, P.E.**
Infrastructure Administration Manager

DATE:      June 24, 2020

SUBJECT:   Public Involvement Meeting
           Project I.D. 2225-15-00
           North Lake Drive (STH 32)
           East Newberry Boulevard to East Edgewood Avenue
           Milwaukee, WI

Dear Property Owner,

The City of Milwaukee Department of Public Works (DPW) and State of Wisconsin Department of Transportation (WISDOT) are inviting you to attend a virtual public involvement meeting regarding a proposed reconstruction project on North Lake Drive from East Newberry Boulevard to East Edgewood Avenue. The project is currently scheduled for construction in 2024.

We want you to help us identify issues and concerns, and provide input on improvements throughout the design phase. The virtual meeting will be held on July 15, 2020 from 6:00 p.m. to 8:00 p.m. using "GoToMeeting". Representatives from the City of Milwaukee Department of Public Works will present an overview of the project, discuss existing conditions and answer any questions. Due to the COVID-19 pandemic, we appreciate your understanding as we host this public meeting in a virtual format.

If you are a new user of GoToMeeting, you will need to download the app prior to the meeting: https://global.gotomeeting.com/install/192457013. On July 15th, you can join the meeting from your computer, tablet or smartphone by visiting https://global.gotomeeting.com/join/192457013. You can also call in using your phone by dialing (646) 749-3122 and you will be prompted to enter the access code: 192-457-013

Please feel free to complete the enclosed comment form and send it back to us. If you are unable to attend, presentation material can be made available. You may contact Mr. Samuel Medhin, DPW Project Manager, by phone (414) 286-0474 or email at samuel.medhin@milwaukee.gov to provide comments, ask questions or request more information about this project.

Persons with disabilities requiring an auxiliary aid or service as a reasonable accommodation for this meeting should contact the ADA Coordinator at (414) 286-3475 or via email at adacoordinator@milwaukee.gov as soon as possible but no later than 72 hours before the scheduled meeting.

Sincerely,

Samir Amin, P.E.
City Engineer

Encl.



**Attachment 5-B: Invitation to April 2022 PIM**



City
of
Milwaukee

**Department of Public Works**
Infrastructure Services Division

**Karen Dettmer, P.E.**
Interim Commissioner of Public Works

**Jerrel Kruschke, P.E.**
City Engineer

**Timothy J. Thur, P.E.**
Infrastructure Administration Manager

DATE:       March 29, 2022

TO:         Residents of the City of Milwaukee

SUBJECT:    2nd Public Involvement Meeting
            Project I.D. 2225-15-00
            North Lake Drive from East Newberry Boulevard to East Edgewood Avenue

Dear Property Owner,

The City of Milwaukee Department of Public Works (DPW) and Wisconsin Department of Transportation (WisDOT) invite you to attend the second public involvement meeting for the proposed pavement replacement project on North Lake Drive from East Newberry Boulevard to East Edgewood Avenue.

At this meeting, project staff will present roadway design alternatives. Previous feedback from the first meeting held on July 15, 2020 has been incorporated into these design options. Your feedback and comments are valuable as project staff will be selecting the proposed design for this project.

| **Virtual Meeting – Microsoft Teams** | **Open House Meeting – In Person** |
|---|---|
| Wednesday April 20, 2022 | Thursday, April 21, 2022 |
| 6:30 p.m. to 8:30 p.m. | 6:30 p.m. to 8:30 p.m. |
| **Meeting Link**: https://bit.ly/3iGxvGn | **Helene Zelazo Center for the Performing Arts** |
| **Call in**: 414-251-0392 and | 2419 E Kenwood Blvd, Room 171 |
| enter access code 568-850-009# | Milwaukee, WI 53211 |
| | Brief Presentation at 7:00 p.m. |
| Brief Presentation at 6:35 p.m. | |

This project is tentatively scheduled for construction in 2024. The proposed project consists of removing the deteriorated pavement and replacing it with concrete pavement. The sidewalk, curb and gutter, and driveway approaches will be replaced as necessary due to poor condition or grade differential. In addition, storm sewer catch basins will be replaced, pedestrian accommodations will be upgraded to comply with American Disabilities Act (ADA) standards, marked bicycle lanes will be maintained or enhanced, and the overall operations and safety of the roadway will be improved.

As required by the Section 106 process indicated in the Wisconsin Department of Transportation (WisDOT) Facilities Development Manuel for archeological/historical review, this notice is to also serve as formal notification for this project to persons with a concern for or knowledge about the historic park, districts, and archeological sites located along the project. Such persons are encouraged to attend this meeting or provide comments to the City of Milwaukee.

If you have any questions or concerns, please feel free to contact Samuel Medhin, DPW Project Manager, at (414) 286-0474 or via email at samuel.medhin@milwaukee.gov. Visit Milwaukee.gov/dpw/lakedrive for more information, sign up to receive updates, and submit comments.

Anyone who requires an auxiliary aid or service to participate in this City of Milwaukee event should contact the ADA Coordinator at 414-286-3475 or adacoordinator@milwaukee.gov as soon as possible but no later than 72 hours before the scheduled event.

Sincerely,

Jerrel Kruschke, P.E.
City Engineer

c:    Alderman Nick Kovac
      Ms. Christine Hanna, P.E.- Wisconsin Department of Transportation, SE Region

841 North Broadway, Room 701 ● Milwaukee, Wisconsin 53202-3613
Voice (414) 286-2400 ● Fax (414) 286-5994 ● TDD (414) 286-2025 ● www.city.milwaukee.gov/mpw

MILWAUKEE

## Attachment 5-B: Sign-In Sheets from April 2022 PIM
### (3 pages)



**CITY OF MILWAUKEE**
**PUBLIC INVOLVEMENT MEETING #2**

Project ID: 2225-15-00
Lake Drive, City of Milwaukee
Newberry Boulevard to Edgewood Avenue
STH 32
Milwaukee County

**ATTENDANCE RECORD**

DATE: April 21, 2022    TIME: 6:30 - 8:30 P.M.    LOCATION: University of Wisconsin-Milwaukee, Helene Zelazo Center, Rm 171    PURPOSE: Public Involvement Meeting #2

Please Note: The information in this document (including names, addresses, phone numbers, e-mail addresses, and signatures) is not confidential, and may be subject to disclosure upon request, pursuant to the requirements of the Wisconsin open records law, sections 19.31—19.39 of the Wisconsin Statutes.

| NAME (Please Print) | STREET ADDRESS CITY/STATE/ZIP CODE | REPRESENTING | PHONE NUMBER | Email (Please fill out if you would like to receive notifications by email) |
|---|---|---|---|---|
| Johnathan Bloese | 3022 N. Stowell Ave 53211 | | 414-763-9373 | JAMNSWEC NE750@yaho.com |
| Janice McSweeney | 3450 N. Lake Dr. 53211 | | 414-788-5939 | |
| Loren Levy | 3112 E. Kenwood Blvd | | 414-708-9358 | |
| Phyllis Prostoff | 3911 N. Lake Dr | | 414 961 0121 | phyllisprostoff @quinick.ca |
| Win Kissinger | 3111 N Lake Dr | | 414 315 7465 | |
| Theresa Kubista | | | | tkubista@milwaukee.gov |
| Brian DeMarc | | CITY OF MILWDPW | 414-708-6386 | BDEVEVE @milwaukee.gov |
| Roger Reitzlaff | 2024 Webster | | 920 762 5540 | roger.reitzlaff @gmail.com |
| Richard Pillow AL | 2670 N Lake Dr | | 414-301-6730 | RichardPilleatccommission |
| Nik Kovac | 2961 N. Bremen St | | 286 3765 | nkovac@milwaukee.gov |
| Samuel Medihin | | City of Mil DPW | 286 0474 | smedhi @milwaukee.gov |
| Montavyus Jones | | | | |
| Adam Moriak | 1121 N. Waverly Pl Mplton MKE | myself | 302-256-4685 | amstey98@gmail.com |



Case 2:24-cv-01366-JPS    Filed 01/24/25    Page 102 of 110    Document 14



**CITY OF MILWAUKEE**
**PUBLIC INVOLVEMENT MEETING #2**

Project ID: 2225-15-00
Lake Drive, City of Milwaukee
Newberry Boulevard to Edgewood Avenue
STH 32
Milwaukee County

**PURPOSE: Public Involvement Meeting #2**

| DATE: April 21, 2022 | TIME: 6:30 – 8:30 P.M. | LOCATION: University of Wisconsin-Milwaukee, Helene Zelazo Center, Rm 171 |
| --- | --- | --- |

**ATTENDANCE RECORD**

Please Note: The information in this document (including names, addresses, phone numbers, e-mail addresses, and signatures) is not confidential, and may be subject to disclosure upon request, pursuant to the requirements of the Wisconsin open records law, sections 19.31—19.39 of the Wisconsin Statutes.

| NAME (Please Print) | STREET ADDRESS CITY/STATE/ZIP CODE | REPRESENTING | PHONE NUMBER | Email (Please fill out if you would like to receive notifications by email) |
| --- | --- | --- | --- | --- |
| Adelet Kefaty | 3112 E Kenwood Blvd | | | addetakefate@gmail.com |
| Chri'shee Ranae | | WiSdot | | shee @gmail.com |
| Scott Reinbacher | | City of Milwaukee MW | 286-3232 | Sreinb@milwaukee.gov |
| Noel Kegel | 3025 E HAMPSHIRE | Resident | 414 345 7373 | noelkegel@gmail.com |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |



**City of Milwaukee**

**CITY OF MILWAUKEE**
**PUBLIC INVOLVEMENT MEETING #2**

Project ID: 2225-15-00
Lake Drive, City of Milwaukee
Newberry Boulevard to Edgewood Avenue
STH 32
Milwaukee County

DATE: April 21, 2022   TIME: 6:30 - 8:30 P.M.   LOCATION: University of Wisconsin-Milwaukee, Helene Zelazo Center, Rm 171   PURPOSE: Public Involvement Meeting #2

**ATTENDANCE RECORD**

Please Note: The information in this document (including names, addresses, phone numbers, addresses, e-mail addresses, and signatures) is not confidential, and may be subject to disclosure upon request, pursuant to the requirements of the Wisconsin open records law, sections 19.31—19.39 of the Wisconsin Statutes.

| NAME (Please Print) | STREET ADDRESS CITY/STATE/ZIP CODE | REPRESENTING | PHONE NUMBER | Email (Please fill out if you would like to receive notifications by email) |
|---|---|---|---|---|
| Bruce Thompson | 2837 N Marietta Ave | Historic Water Town | 414-737-6579 | brt.hou@ameritech.net |
| Jeff Grzeca | 3476 N Shepard Ave | Self | 414-332-0835 | JGRZECA1@GMAIL.COM |
| David Tapia | | | | DTAPIA@milwaukee.gov |
| Megan O'Connor | City of Milwaukee | 414-708-1433 | moconnor@milwaukee.gov |
| Leo STIPPICH | 3160 E Kenwood Blvd | " | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

DocuSign Envelope ID: F818EAF7-EB99-427D-B2EF-B1464D4BDBB1

**CORRESPONDENCE/MEMORANDUM** ─────────────────────

*PROJECT AGREEMENT ACCEPTANCE*

DATE: 22 February 2024

SUBJECT: Project Agreement

Project Number: 2225-15-00/70/90/91 – Revised
Road Name: C MILWAUKEE, N LAKE DR
Project Limits: NEWBERRY BLVD TO EDGEWOOD AVE
Municipality: City of Milwaukee, Milwaukee County
Funding items: Cost Share

The Attached Agreement Is Recommended For approval.

PROGRAM: 303- 3R

NOTES: -

Approved

The attached agreement has been approved by regional designee

Region: SE

DocuSign Envelope ID: F818EAF7-EB99-427D-B2EF-B1464D4BDBB1



| | |
|---|---|
| **3rd Revision**<br>**STATE/MUNICIPAL FINANCIAL AGREEMENT FOR A STATE- LET HIGHWAY PROJECT**<br><br>*This agreement supersedes the agreement signed by the Municipality on October 5, 2023 and signed by the State on October 6, 2023.* | Revised Date: January 3, 2024<br>Date: August 24, 2017, May 10, 2023, August 17, 2023<br>I.D.:2225-15-00/70/90/91<br>Road Name: N LAKE DR (STH 32)<br>Title: C MILWAUKEE, N LAKE DR<br>Limits: NEWBERRY BLVD TO EDGEWOOD AVE<br>County: Milwaukee<br>Roadway Length: 0.85 miles |

The signatory **City of Milwaukee**, hereinafter called the Municipality, through its undersigned duly authorized officers or officials, hereby requests the State of Wisconsin Department of Transportation, hereinafter called the State, to initiate and affect the highway or street improvement hereinafter described.

The authority for the Municipality to enter into this agreement with the State is provided by Section 86.25(1), (2), and (3) of the Statutes.

NEEDS AND ESTIMATE SUMMARY:

**Existing Facility - Describe and give reason for request**:  Improvement on a connecting highway.

**Proposed Improvement - Nature of work**:  As determined by project scoping.

**Describe non-participating work included in the project and other work necessary to finish the project completely which will be undertaken independently by the municipality**: A nominal amount is included to cover items in paragraph 4 (to be adjusted in the final plan). Manhole adjustments, temporary lighting, landscaping,  CUC, ladder crosswalks markings

Case 2:24-cv-01366-JPS     Filed 01/24/25     Page 106 of 110     Document 14

| TABLE 1: | SUMMARY OF COSTS | | | | | |
|---|---|---|---|---|---|---|
| **Phase** | **Total Est. Cost** | | **Federal/State Funds** | **%** | **Municipal Funds** | **% *** |
| Preliminary Engineering: | | | | | | |
|   Plan Development | $ | 886,000 | $ 664,500 | 75% | $ 221,500 | 25% |
|   State review | $ | 178,000 | $ 133,500 | 75% | $ 44,500 | 25% |
| Real Estate Acquisition: | | | | | | |
|   Acquisition | | | $ - | 100% | $ - | 0% |
|   Compensable Utilities | $ | - | $ - | 0% | $ - | 100% |
| ¹Construction: (70) | | | | | | |
|   Participating | $ | 3,707,500 | $ 3,707,500 | 100% | $ - | 0% |
|   Paving Items( incl Parking) | $ | 2,935,000 | $ 2,556,385 | 87.1% | $ 378,615 | 12.9% |
|   sidewalk | $ | 415,000 | $ 166,000 | 40.0% | $ 249,000 | 60.0% |
|   Decorative Lighting | $ | 1,830,000 | $ 1,830,000 | 100% | $ - | 0% |
| Non-Participating | $ | 1,360,000 | $ - | 0% | $ 1,360,000 | 100% |
| Mitigation: (90) | | | | | | |
|   Electrical Serivce Relocation | $ | 31,149.08 | $ 31,149.08 | 100% | $ - | 0% |
| Procurement: (91) | | | | | | |
|   Signal equipment | $ | 40,000.00 | $ 40,000.00 | 100% | $ - | 0% |
| **Total Cost Distribution** | **$** | **11,382,649.08** | **$ 9,129,034.08** | | **$ 2,253,615** | |
| 1 Estimates include construction engineering | | | | | | |

This request shall constitute agreement between the Municipality and the State; is subject to the terms and conditions that follow (pages [2] – [5]); is made by the undersigned under proper authority to make such request for the designated Municipality, upon signature by the State, and delivery to the Municipality. The initiation and accomplishment of the improvement will be subject to the applicable federal and state regulations. No term or provision of neither the State/Municipal Financial Agreement nor any of its attachments may be changed, waived or terminated orally but only by an instrument in writing executed by both parties to the State/Municipal Financial Agreement.

Signed for and in behalf of the **City of Milwaukee** (please sign in blue ink)

Name (print) Jerrel Kruschke      Title Commissioner

Signature *Jerrel kruschke*      Date 21 February 2024
3D3AC90F5C8A4D3...

Name (print) Aycha Sawa      Title Comptroller

Signature *Aycha Sawa*      *CO* *JS*   Date 22 February 2024
D159C84354FC4F4...

Signed for and in behalf of the **State** (please sign in blue ink)

Name **Tony Barth**      Title **WisDOT SE Region Planning Chief**

Signature *Tony Barth*      Date 22 February 2024

**TERMS AND CONDITIONS:**

1. The Municipality shall pay to the State all costs incurred by the State in connection with the improvement which exceeds federal/state financing commitments or are ineligible for federal/state financing. Local participation shall be limited to the items and percentages set forth in the Summary of Costs table, which shows Municipal funding participation. In order to guarantee the Municipality's foregoing agreements to pay the State, the Municipality, through its above duly authorized officers or officials, agrees and authorizes the State to set off and withhold the required reimbursement amount as determined by the State from General Transportation Aids or any moneys otherwise due and payable by the State to the Municipality.

2. Funding of each project phase is subject to inclusion in an approved program and per the State's Facility Development Manual (FDM) standards. Federal aid and/or state transportation fund financing will be limited to participation in the costs of the following items as specified in the Summary of Costs:

    (a) Design engineering and state review services.

    (b) Real Estate necessitated for the improvement.

    (c) Compensable utility adjustment and railroad force work necessitated for the project.

    (d) The grading, base, pavement, curb and gutter, and structure costs to State standards, excluding the cost of parking areas.

    (e) Storm sewer mains, culverts, laterals, manholes, inlets, catch basins, and connections for surface water drainage of the improvement; including replacement and/or adjustments of existing storm sewer manhole covers and inlet grates as needed.

    (f) Construction engineering incidental to inspection and supervision of actual construction work, except for inspection, staking, and testing of sanitary sewer, CUC and water main.

    (g) Signing and pavement marking necessitated for the safe and efficient flow of traffic, including detour routes.

    (h) Replacement of existing sidewalks necessitated by construction and construction of new sidewalk at the time of construction. Sidewalk is considered to be new if it's constructed in a location where it has not existed before.

    (i) Replacement of existing driveways, in kind, necessitated by the project.

    (j) New installations or alteration resulting from roadway construction of standard State street lighting and traffic signals or devices at locations agreeable by both parties. Alteration may include salvaging and replacement of existing components.

3. Work necessary to complete the improvement to be financed entirely by the Municipality or other utility or facility owner includes the following items:

    (a) New installations of or alteration of sanitary sewers, and connections, water, gas, electric, telephone, telegraph, fire or police alarm facilities, parking meters, CUC and similar utilities.

    (b) New installation or alteration of signs not necessary for the safe and efficient flow of traffic.

    (c) Roadway and bridge width in excess of standards.

    (d) Construction inspection, staking, and material testing and acceptance for construction of sanitary sewer CUC, and water main.

    (e) Provide complete plans, specifications, and estimates for sanitary sewer and water main work. The Municipality assumes full responsibility for the design, installation, inspection, testing, and operation of the sanitary sewer, CUC and water system. This relieves the State and all of its employees from the

liability for all suits, actions, or claims resulting from the sanitary sewer and water system construction.

(f) Parking lane costs.

(g) Coordinate, clean up, and fund any hazardous materials encountered during construction. All hazardous material cleanup work shall be performed in accordance to state and federal regulations.

(h) Damages to abutting property due to change in street or sidewalk widths, grades, or drainage.

(i) Conditioning, if required, and maintenance of detour routes.

(j) Repair of damages to roads or streets caused by reason of their use in hauling materials incidental to the improvement.

(k) Materials and Construction of temporary street lighting.

(l) High visibility crosswalk pavement marking at non-signalized intersections.

(m) Planting, watering, landscape planting surveillance and care cycles of trees.

(n) Replacement of existing sidewalks not necessitated by curb ramp improvements.

4. As the work progresses, the Municipality will be billed for work completed which is not chargeable to federal/state funds. Upon completion of the project, a final audit will be made to determine the final division of costs.

5. If the Municipality should withdraw the project, it shall reimburse the State for any costs incurred by the State in behalf of the project.

6. The work will be administered by the State and may include items not eligible for federal/state participation.

7. The Municipality shall assume general responsibility for all public information and public relations for the project and to make a fitting announcement to the press and such outlets as would generally alert the affected property owners and the community of the nature, extent, and timing of the project and arrangements for handling traffic within and around the projects.

8. Basis for local participation:

(a) Funding for preliminary engineering for a connecting highway 75% State 25% Municipal based on the Department's policy for connecting highways.

(b) Funding for compensable utilities required for standard roadway construction, 100% Municipal.

(c) Funding for construction of standard roadway items – 100% State.

(d) Funding for parking lanes 100% Municipal. Parking costs are included with paving costs, with parking lanes calculated as a percentage of parking area compared to the total area of pavement. For this project, 12.9% of the overall paving costs were determined to be parking related. These parking costs are apportioned to the City of Milwaukee based on the amount of parking within the city.

(e) Funding for sidewalk installation 40% State, 60% Municipal.

(f) Funding for decorative lighting 100% State. Decorative lighting is replaced in kind based on adverse effect under section 106.

(g) Funding for non-participating items including temporary lighting, landscaping, manhole adjustments, CUC, ladder crosswalks markings at non-signalized intersections, 100% Municipality.

(h) Municipality agrees to complete a Pilot Project Summary for the installation of the multi-modal geometrics that are included in the project that are not in WisDOT's current Facilities Development Manual. This approval is given for this project only.

(i)  Funding for electrical service relocation, 100% State., electrical services unit will be impacted by construction and this move is required prior to roadway work to keep signals operational and prevent a wide area outage.

(j)  Funding for signal equipment procurement, 100% State. Procurement of signal equipment prior to LET to ensure equipment is available before construction season ends.

<u>Comments and Clarification:</u>  This agreement is an active agreement that may need to be amended as the project is designed.  It is understood that these amendments may be needed as some issues have not been fully evaluated or resolved.  The purpose of this agreement is to specify the local and state involvement in funding the project. A signed agreement is required before the State will prepare or participate in the preparation of detailed designs, acquire right-of-way, or participate in construction of a project that merits local involvement.